[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**February 27, 2006**
**THOMAS  K. KAHN**
**CLERK**

No. 05-13079
Non-Argument Calendar

_____

D. C. Docket No. 04-00040-CR-DHB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ROBERT THOMAS MCGRANAHAN,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(February 27, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Thomas McGranahan was convicted of attempted transfer of obscene

material to a minor, in violation of 18 U.S.C. § 1470.[1]  The presentence

investigation report ("PSI") calculated the guidelines range under U.S.S.G.

§ 2G3.1 and the cross-reference provision of § 2G2.2, applying numerous specific

offense characteristics and enhancements, and a reduction for acceptance of

responsibility.  With a total adjusted offense level of 29, and a criminal history

category I, the resulting guidelines range was 87 to 108 months imprisonment.

McGranahan objected to the multiple enhancements and he requested a downward

departure because imprisonment would pose a great hardship on his family.

The court held a sentencing hearing on March 4, 2005.  After considering

the objections, arguments, and testimony concerning the departure, the court

overruled the objections and adopted the PSI calculations.  The court noted that,

although McGranahan had been subject to every possible enhancement for his

offense, his case did not present the worst case of pornography the court had seen.

The court concluded that the departure for family hardship was not warranted, but

considering the totality of the circumstances, including McGranahan's cooperation,

the guidelines range overstated the seriousness of the offense.  Therefore, the court

orally imposed a sentence of 72 months imprisonment, but it did not sign the

judgment at that time.  Neither the government nor McGranahan stated any

---

[1]  McGranahan was indicted for three offenses related to child pornography. He pleaded guilty to a single count.

2

objections. Before McGranahan reported to prison, he was arrested for violating the terms of his release because he maintained an internet connection that he used to view pornography.

Without objection from the parties, the court held a second sentencing hearing on April 21, 2005. The court explained that it had not signed the judgment order yet, but that it had retained the information to revisit the sentencing matter. The court stated that it had since learned that McGranahan had violated his release, and the government opined that such conduct warranted an increase in the sentence. The court gave the issue further consideration and determined that the 72-month sentence orally imposed still overstated the seriousness of the offense. Therefore, the court imposed a sentence of 54 months imprisonment, and it signed the judgment and conviction. The government now appeals, asserting that the district court lacked jurisdiction to modify the sentence more than a month after the court orally imposed sentence because the modification did not meet the terms of Rule 35 or 18 U.S.C. § 3582(c)(1)(B), and the court lacked any "inherent authority" to modify the sentence.

Whether a court has jurisdiction is a question of law subject to plenary review. United States v. Stossel, 348 F.3d 1320, 1321 (11th Cir. 2003).

In general, a district court may correct a sentence under Rule 35 or 36 or

3

modify a sentence under 18 U.S.C. § 3582(c).[2]

Under Rule 35, the court may (a) correct an arithmetical, technical, or other clear error within 7 days after sentencing, or (b) upon the government's motion reduce the sentence based on the defendant's substantial assistance.[3] Fed.R.Crim.P. 35. The 7 day limitation under Rule 35(a) is jurisdictional. United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002).

Under Rule 36 "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

---

[2] This court has held that § 3582(b) does not provide jurisdiction to modify a sentence. United States v. Stossel, 348 F.3d at 1322.

[3] Rule 35(b) states:
(b) Reducing a Sentence for Substantial Assistance. (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if: (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements. (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: (A) information not known to the defendant until one year or more after sentencing; (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed.R.Civ.P. 35(b). Here, McGranahan does not contend that his assistance warranted a reduction under Rule 35(b), and the government did not make such a motion.

Fed.R.Crim.P. 36.

Under § 3582(c), the court may modify a sentence in three circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) under Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).

Here, there was no basis for the court to exercise jurisdiction to modify the sentence orally imposed. First, Rule 35(a) requires the error be corrected within 7 days, and the error must be technical and not substantive. Where, as here, the court modified the sentence more than 40 days after orally imposing sentence and the modification decreased the sentence imposed, Rule 35(a) did not provide a basis for jurisdiction.

Nor did Rule 35(b) provide jurisdiction because there was no motion by the government, and McGranahan does not argue that his assistance qualified for a reduction under this statute.

Second, Rule 36 cannot be used "to make a substantive alteration to a criminal sentence." United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004); United States v. Pease,331 F.3d 809, 816 (11th Cir. 2003). As here the modification substantially altered the sentence imposed, Rule 36 did not confer jurisdiction on the court.

5

Third, the facts of this case do not fall under any of § 3582(c)'s bases for modifying a sentence: there was no motion from the Bureau of Prisons, there is no jurisdiction under Rule 35 or any other statute, and there had been no subsequent lowering of the guidelines range.

Finally, the district court lacked any "inherent authority" to modify a sentence. Diaz-Clark, 292 F.3d at 1317-18.

When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs. United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990). Therefore, as there was no basis for the court in this case to modify the sentence, and the oral pronouncement conflicts with the written judgment, we VACATE and REMAND with instructions for the district court to re-impose the original sentence in conformity with the oral pronouncement.