[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12704
Non-Argument Calendar

_____

D. C. Docket No. 92-00145-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO E. FLINT, JR.,
a.k.a. Russell Lamar Green,
a.k.a. Lawrence Calvin Hooks,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 1, 2006)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Lorenzo E. Flint, Jr., proceeding pro se, appeals the district court's order denying his motion to correct sentence under Federal Rule of Criminal Procedure 35(a) and 36 and restricting his ability to file any future pleadings or motions in his criminal case. The district court properly found that it lacked jurisdiction under Rule 35(a) to correct Flint's sentence which was imposed over 12 years before, disposed of every count, and constituted a final order. The district court also properly denied Flint's motion under Rule 36 because, since the written order clarified any ambiguity in the court's oral pronouncement, there were no clerical errors to correct. The district court's restrictions on Flint's ability to file any further pleadings or motions, however, was arguably overbroad and improperly restricted his access to the courts. We, therefore, AFFIRM the district court's order denying his motion to correct his sentence under Rules 35(a) and 36, but VACATE the order restricting Flint's ability to file, and REMAND with instructions for the district court to impose a lesser restriction.

## I. BACKGROUND

In 1993, Flint was found guilty of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, to distribute 50 grams or more of cocaine base, and to possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 846 ("Count 1"); and possession with intent to

2

distribute and distribution of 50 grams or more of cocaine base, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) ("Count 2"). During the sentencing hearing on 21 April 1993, the district court sentenced Flint to "the custody of the Bureau of Prisons for a period of 360 months," ordered him to pay a $100 special assessment, and, following his release from prison, placed him "on supervised release for a period of 10 years." R38 at 2008. The judgment, entered by the court on 23 April 1993, stated that Flint was "committed to the custody of the . . . Bureau of Prisons to be imprisoned for a term of THREE HUNDRED SIXTY (360) MONTHS on each of counts one and two, to run concurrently with each other," "pay . . . a special assessment of $100.00, for count(s) one and two," and, upon release from prison, "be on supervised release for a term of TEN (10) YEARS." R3-320 at 1, 2, 3. Flint's conviction was affirmed on appeal, and his petition for rehearing en banc and petition for writ of certiorari were denied. R3-334, 333, 339.

Flint subsequently filed numerous post-judgment motions, including motions for a new trial, to dismiss the indictment, and to vacate his sentence pursuant to 28 U.S.C. § 2255. We denied Flint a certificate of appealability in 2002, stating that Flint's 16 August 2000 motion to vacate his sentence was "plainly barred by § 2255's one-year statute of limitations." R10-459 at 1. We also denied Flint a certificate of appealability in 2004, because his 2003 motion to

3

vacate his sentence was "impermissibly second or successive" and because a certificate of appealability was unnecessary as to his appeal from the non-final denial of his Federal Rule of Criminal Procedure Rule 41 motion. R10-506 at 2.

Flint then filed motions to correct his sentence pursuant to Rules 35(a), (c), and 36 asking that a discrepancy between the orally imposed sentence and the judgment. R10-467, 472. He claimed that the district court orally imposed a single term of imprisonment of 360 months, but sentenced him to two concurrent 360-month terms in the judgment. The district court denied both motions. In regards to the Rule 35 motion, the district court observed that Flint had failed to note any "arithmetical, technical, or other clear error" in his sentence, and that his motion was untimely. R10-475 at 4 (quoting Fed. R. Crim. P. 35(c)). In regard to the Rule 36 motion, the district court stated that there was no discrepancy between the oral and written judgment because both imposed a 360-month sentence and that the written judgment clarified any ambiguity in the oral sentence. Id. at 3-4.

On 20 April 2005, Flint filed a motion to correct his sentence pursuant to Rules 35(a) and 36. R10-511. He argued that the motion was proper under Rule 35(a) because the oral sentence did not include all of the counts of conviction and, thus, was not an enforceable final order. He argued that the district court should correct the judgment under Rule 36 to reflect a single 360-month sentence or,

4

alternatively, hold an evidentiary hearing to resolve the discrepancy.

The district court denied the motion under Rule 35(a), commenting that it lacked jurisdiction to correct the sentence because the seven-day time period for correcting the judgment had expired as Flint was sentenced "approximately 4400 days ago." R10-512 at 1. The district court found that Flint was not entitled to relief under Rule 36 because Flint had received two concurrent 360-month sentences at the sentencing hearing, and that "his assertion that the sentencing order . . . is not final is simply incorrect." Id. at 2. The district court noted that Flint had "pursued numerous challenges to his convictions," id. at 2, including appeals to us, and

> [i]n short, . . . had substantial and repeated review of his convictions and sentences. Because of the amount of time that has passed since his convictions and because he has otherwise exhausted all of his potential remedies, neither the Federal Rules of Criminal Procedure nor the United States Code offer any type of procedure under which he could further successfully challenge any aspect of his criminal trial, his convictions, or his sentences absent extraordinary circumstances which do not here exist. As such, this Court will henceforth decline to review any further motions or pleadings filed by [Flint] in the instant criminal action.
>     . . . .
>     IT IS . . . ORDERED that the Clerk not enter into the record any further pro se pleadings submitted by [Flint]. The Clerk is DIRECTED to return any such pleadings to [Flint].

Id. at 4.

On appeal, Flint challenges the denial of his motion under Rules 35 and 36.

He also challenges the district court's restrictions on his ability to file further pleadings or motions in this action.

## II. DISCUSSION

### A.  Flint's Rule 35(a) Motion

Flint argues that the 1993 judgment in his criminal case was not a final order because the district court only orally sentenced him to one of the two counts of conviction.  Flint contends that the seven-day period for correcting a sentence under Rule 35(a) has not lapsed because the 1993 judgment was not final.  Flint also argues that the seven-day period is an affirmative defense instead of a jurisdictional limitation and that the government waived it by failing to raise it in the district court.  Flint asserts that the error in the oral pronouncement allows the district court to revisit his entire sentence, including alleged errors in calculating his criminal history, determining his role in the offense, calculating his supervised release term, and violations of 18 U.S.C. § 3553(c) and Rule 43(a)(3).  He also maintains that the current version of Rule 35(a) applies, and does not require a remand from us for the district court to correct his sentence.

We review de novo questions concerning the district court's jurisdiction. United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998) (per curiam).  We will reverse a district court's ruling on the merits of a Rule 35 motion "only when

the sentence is illegal or when the . . . refusal to reduce the sentence constitutes a gross abuse of discretion." United States v. Weaver, 884 F.2d 549, 551 (11th Cir. 1989) (per curiam). A court may correct or reduce a sentence resulting from "arithmetical, technical or other clear error" within seven days of sentencing. Rule 35(a) (2004).[1] The seven-day period for correcting a sentence is a jurisdictional restriction. United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002) (addressing the identical restriction under former Rule 35(c)).[2] "When the oral pronouncement of a sentence varies from the written judgment, the oral pronouncement governs." United States v. Chavez, 204 F.3d 1305, 1316 (11th Cir. 2000). "When [,however,] there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment, it is proper to look to the written judgment to ascertain the court's intention." United States v. Purcell, 715 F.2d 561, 563 (11th Cir. 1983). "In determining the terms of a sentence, it is the intent of the sentencing judge which controls, and that intent is to be determined by reference to the entire record." Id.

---

[1] Rule 35(a) was amended in 2002. At the time of Flint's sentence, a district court could correct a sentence upon remand "as a result of arithmetical, technical, or other clear error" "within 7 days after the imposition of sentence" under Rule 35(c). See Rule 35(c) (1993). In 2002, Rule 35(c) was relocated to Rule 35(a) and revised the wording from "imposition of sentence" to "sentencing." The 2002 changes were not intended to change the practice of the district court. See Rule 35, advisory comm. note, 2002 amend.

[2] See also United States v. McGranahan, No. 05-13079, 2006 WL 460929, *2 (11th Cir. Feb. 27, 2006) (finding "no basis for the court to exercise jurisdiction" under Rule 35(a)).

We affirm the denial of the motion under Rule 35 because the underlying criminal judgment entered in 1993 was a final order, sufficient to provide jurisdiction to hear Flint's direct appeal in 1995, and the current motion was filed outside the seven-day period. To the extent that the district court's oral pronouncement at sentencing in 1993 was ambiguous, the written judgment clarified the district court's intent. The district court orally pronounced a 360-month sentence, and the written judgment clarified that the court had imposed two concurrent 360-month sentences. There was no direct conflict between the oral pronouncement and the written judgment. Similarly, the court orally pronounced a special assessment fee of $100, then clarified in the written judgment that the $100 covered "count(s) one and two." R3-320 at 1. In addition, the oral pronouncement and written judgment both pronounced a supervised release term of ten years. A plain reading of each suggests a total supervised release term of ten years. Even if the district court had ordered a period of ten years on supervised release for each count of conviction, there would be no legal error because 21 U.S.C. § 841(b) requires a court to impose at least a five year term of supervised release for violations of 21 U.S.C. § 841, notwithstanding 18 U.S.C. § 3583. 21 U.S.C. § 841(b).

The cases cited in support of Flint's argument that there was no final order

8

in 1993 are unavailing. The Fifth Circuit's decision in United States v. Wilson, 440 F.2d 1103, 1104-05 (5th Cir. 1971), involved a situation where the district court had expressly reserved decision on several counts of the indictment. Similarly, in In re United States, 898 F.2d 1485, 1486-87 (11th Cir. 1990) (per curiam), the district court stated that it was withholding sentencing on several counts of the indictment and did nothing on those counts for over two years after the oral pronouncement. In this case, however, the district court merely failed to specify at the sentencing hearing that the sentence actually consisted of two concurrent sentences, and it clarified this sentence in the written judgment.

The district court, therefore, sentenced Flint as to all counts of conviction and the 1993 written judgment was a final order. Because Flint did not file his Rule 35(a) motion until more than 12 years after sentencing, the district court lacked jurisdiction to correct his sentence under Rule 35.[3]

B. Flint's Rule 36 Motion

Flint also challenges the denial of his motion under Rule 36 on the grounds

_____

[3] We also reject Flint's argument that the district court's oral pronouncement constituted a general sentence. "A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts. . . . [and is] per se illegal in this circuit." United States v. Moriarty, 429 F.3d 1012, 1025 (11th Cir. 2005) (per curiam) (internal citation and quotation omitted). Because each count of Flint's conviction carried a statutory maximum penalty of life imprisonment, the district court's oral pronouncement was not a general sentence.

9

that the district court's oral sentence was ambiguous and the written judgment and oral sentence reflect conflicting intentions by the district court. Rule 36 specifies that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

We also affirm the denial of the motion under Rule 36. There is no clerical error present here or any other error resulting from oversight or omission. To the extent that the district court ambiguously stated Flint's sentence at the sentencing hearing, the sentence was clarified in its written judgment.

C. Restrictions to Flint Filing Future Motions and Pleadings

Flint challenges the district court's restrictions on his ability to file further pleadings or motions in this action as violating his First and Fifth Amendment rights. He argues that he has not abused the court and that the district court has never found any of his pleadings to be frivolous. He contends that he has a right to challenge the denial of his § 2255 motion.

"We review the district court's grant of injunctive relief for abuse of discretion, [and] must affirm unless we determine that the district court has made a clear error of judgment or has applied an incorrect legal standard. SunAmerica Corp. v. Sun Life Assurance Co. of Canada, 77 F.3d 1325, 1333 (11th Cir. 1996)

10

(citations and internal quotations omitted).  Meaningful access to the courts is a constitutional right.  Procup v. Strickland, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam) (en banc).  Courts, however, have the jurisdiction to protect themselves against abusive litigants.  Id. at 1073.  "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . .  The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."  Id. at 1073-74 (citation omitted).  A litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief.  He just cannot be completely foreclosed from any access to the court."  Id. at 1074.  We have upheld lesser injunctive restrictions on frequent litigants, including pre-screening restrictions, Copeland v. Green, 949 F.2d 390, 391 (11th Cir. 1991) (per curiam), and restrictions of access to the United States Marshals for service of process, Traylor v. City of Atlanta, 805 F.2d 1420, 1421-21 (11th Cir. 1986) (per curiam).

We note that the district court was justified in restricting Flint's ability to file considering the number and often repetitive nature of his past filings in this case.  The district's injunction, however, is overbroad under Procup.  In Procup, we held that a district court order restricting a prisoner from filing any case with the

11

district court unless submitted by an attorney admitted to practice before the court was overbroad and denied the prisoner's constitutional right of access to the courts. Procup, 792 F.2d at 1070-71. The district court's order is arguably narrower here because it stated that the district court declined "to review any further motions or other pleadings filed by [Flint] in the instant criminal action" and ordered the clerk not to enter "any further pro se pleadings submitted by [Flint]." R10-512 at 4. Because Flint has not indicated that he wishes to file any pleadings outside of this action, the prohibition on any further pleadings in this case could deny Flint meaningful access to the courts. We, therefore, vacate this part of the order and remand for the district court to impose a lesser restriction on Flint's ability to file future pleadings in this action that will protect the court from abusive filings but refrain from improperly infringing on Flint's right of access to the courts. See Procup, 792 F.2d at 1072-73 (discussing various restrictions imposed by courts on frequent litigants and listing cases).

### III. CONCLUSION

The district court properly found that it lacked jurisdiction to correct Flint's sentence under Rule 35(a) because Flint's motion was not filed within seven days from the date of sentence which constituted a final order because it disposed of every count of conviction. The district court also correctly denied Flint's motion

12

under Rule 36 because there were no clerical errors to correct. We, therefore, affirm the district court as to those issues. The district court's restriction on Flint's ability to file any further pleadings or motions in this case, however, is overbroad and improperly restricts his access to the courts. We vacate that portion of the order and remand with instructions for the district court to impose a lesser restriction.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**