[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15144
Non-Argument Calendar

_____

D. C. Docket No. 93-00006-CR-OC-20-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN D. POWERSTEIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 19, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

In 1993, a federal grand jury indicted appellant on thirteen counts involving

the crimes of tax fraud and tax evasion. Pursuant to a plea agreement in which he waived his right to appeal any sentence imposed within the sentence range prescribed by the Sentencing Guidelines, appellant pled guilty to counts one and eleven of the indictment, and in March 1994, the district court sentenced him to concurrent prison terms of sixty-three months, to be followed by a three-year term of supervised release. Appellant appealed his sentences. We dismissed his appeal in May 1998, on the ground that he had waived his right to challenge his sentences. United States v. Powerstein, No. 94-2491 (11th Cir. 1998) (unpublished).

In an effort to have his plea agreement and sentences set aside, appellant returned to the district court, filing a series of motions. The district court denied his motions, the final ruling occurring on January 19, 1999. In the order entered that day, the court denied appellant's December 28, 1998 motion on the ground that it constituted a successive motion for 42 U.S.C. § 2255 relief. Appellant appealed that ruling. On June 20, 2000, concluding that appellant's December 28 motion was not a successive § 2255 motion, we vacated the court's January 19 order and remanded the case for further proceedings. Powerstein v. United States, No. 99-13170 (11th Cir. 2000) (unpublished).

While the appeal in No. 99-13170 was pending, appellant, continuing his effort to litigate the sentencing issues he had waived in the plea agreement, filed a

2

variety of motions in the district court, including a renewed motion for writ of error coram nobis. In August 1999, after the court had denied some of these motions, appellant appealed the rulings. No. 99-13315. We dismissed the appeal for want of prosecution on December 14, 1999.

Meanwhile, in October 1999, the district court denied appellant's renewed motion for a writ of error coram nobis; in December 1999, the court denied his motion for reconsideration of that ruling. Appellant appealed, No. 00-10432. In September 2001, we affirmed.

Appellant was released from prison and completed his term of supervised release in November 2001. Thereafter, he resumed his effort to obtain collateral relief in the district court and in this court.[1] On July 21, 2005, the district court held a hearing in which it reviewed the history of appellant's case. The court told appellant that he had exhausted every claim that might have merit and that it intended to enter an order barring him from filing additional pleadings attacking his convictions and sentences. The court gave appellant thirty days to brief his objections to the proposed ban. Appellant filed a brief challenging the court's authority to enter the proposed order. After the Government responded, and appellant filed an omnibus motion in opposition, the court entered an order barring

---

[1] Appellant filed a total of 61 documents seeking collateral relief.

appellant "from filing any other pleading or documents of any kind in this case, subject to the pains and penalties of contempt of court, unless this Court is ordered by the Eleventh Circuit . . . or the Supreme Court . . . to accept the filing." Appellant appeals that order.

Appellant contends that the district court: (1) abused its discretion in entering the order; (2) lacked authority to enter the order; and (3) violated his constitutional rights regarding double jeopardy by entering the order because, if he violates it and is found in contempt, he will be punished once again for conduct for which he has already served a prison term.

We review a district court's grant of injunctive relief for abuse of discretion and will affirm unless the district court made a clear error of judgment. SunAmerica Corp. v. Sun Life Assurance Co. of Canada, 77 F.3d 1325, 1333 (11th Cir. 1996). We review questions of constitutional law de novo. United States v. Noel, 231 F.3d 833, 836 (11th Cir. 2000).

Procedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property or liberty interest. Zipperer v. City of Fort Myers, 41 F.3d 619, 623 (11th Cir. 1995). Meaningful access to the courts is a right of constitutional significance. See Christopher v. Harbury, 536 U.S. 403, 415 & n.12, 122 S.Ct. 2179, 2187 & n.12, 153 L.Ed.2d 413 (2002). Thus,

4

appellant was entitled to notice and an opportunity to be heard before the court imposed the injunctive order complained of.

Courts, however, have the jurisdiction to protect themselves against abusive litigants. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . . The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1073-74 (citation omitted). A litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from any access to the court." Id. at 1074.

The district court did not abuse its discretion in entering the injunctive order before us. First, to satisfy due process requirements, the court provided appellant with adequate notice and an opportunity to respond. Second, the court did not place appellant at risk of double jeopardy since any future incarceration would serve as a contempt sanction, not for the crimes alleged in counts one and eleven of the 1993 indictment against appellant. See United States v. Woods, 127 F.3d 990, 992 (11th Cir. 1997) ("a prosecution and conviction for criminal contempt is punishment for the conduct constituting contempt of court, not for any underlying

crime").  Further, the injunction's requirements are within the scope of authority given to district courts.  This injunction does not cut off access to the courts; appellant has the right to file pleadings in other cases, and may also file additional pleadings in this case if he permitted by this court or the Supreme Court.  Given that he completed his sentences almost five years ago, and has filed more than forty pleadings and fifteen appeals since then, he has already had the opportunity fully to  litigate the validity of his convictions and sentences.  Finally, as he is no longer being punished for the crimes to which he was adjudged guilty, the claims he raises are moot for there is nothing a court could do to provide relief.

The challenged district court order is, accordingly,

**AFFIRMED.**