[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14173
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 90-01036-CR-1-MMP

ROBERT REE SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 9, 2010)

Before BLACK, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Robert Ree Smith, proceeding *pro se*, appeals the district court's denial of

his motion to reconsider or vacate an earlier order instructing the district court clerk not to accept Smith's future filings unless he alleged imminent physical harm. After review, we vacate and remand for further proceedings.

## I.

Smith was convicted in 1992 of conspiracy to distribute cocaine and misusing Social Security numbers. His conviction was affirmed on appeal, as was the denial of his 28 U.S.C. § 2255 habeas petition. United States v. Smith, 56 F.3d 1388 (11th Cir. 1995) (unpublished table decision); Smith v. United States, 248 F.3d 1177 (11th Cir. 2001) (unpublished table decision). He has since filed at least five post-habeas motions collaterally attacking his sentence. On October 9, 2007, the district court found that Smith's most recent motion was frivolous or duplicative of arguments already considered by the court. Based on Smith's filing history, the district court denied the motion and directed the clerk's office not to accept for filing any future motions by Smith unless the motion alleged imminent physical harm. Smith moved for leave to appeal in forma pauperis and for a certificate of appealability, which the district court denied on January 2, 2008.

On June 4, 2009, after failing to obtain leave to appeal in forma pauperis and a certificate of appealability from this Court, Smith filed a motion requesting that the district court reconsider or vacate its January 2, 2008, order. He complained

that he should have been given an "upfront clear warning" before being precluded from filing motions. He also indicated that there was a new procedural rule and new precedent offering him relief, although he did not identify the rule or case. On July 17, 2009, the district court found that nothing in Smith's motion justified revisiting the prior order, denied the motion, and again directed the clerk's office not to accept for filing any motions by Smith unless the motion alleged imminent physical harm. The July 17, 2009, order is the subject of Smith's present appeal.

## II.

Before reaching the merits of Smith's arguments, it is necessary to address two preliminary issues. First, the government urges us to dismiss this case on the ground that Smith lacks standing. Specifically, the government contends that Smith fails to demonstrate actual injury as required for an access-to-the-court claim. Second, the government argues that Smith's motion for reconsideration was untimely because it was filed seventeen months after the entry of the January 2, 2008, order.

We do not agree that this appeal should be dismissed for lack of standing. The cases upon which the government relies arose in a different context. In Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174 (1996), and Barbour v. Haley, 471 F.3d 1222 (11th Cir. 2006), inmates claimed that prison officials had failed to provide

3

them with the resources needed to prepare and file meaningful legal papers. The Casey Court held that such plaintiffs were required to show actual injury in order to bring an access-to-the-court claim. Casey, 518 U.S. at 348–50, 116 S. Ct. at 2178–79. As the Supreme Court explained, the actual injury requirement "derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." Id. at 349, 116 S. Ct. at 2179. Without such a requirement, potential plaintiffs could invoke judicial intervention based merely on "the status of being subject to a governmental institution that was not organized or managed properly." Id. at 350, 116 S. Ct. at 2179. The Casey Court drew an analogy to a healthy inmate who has not suffered any deprivation of needed medical treatment. This hypothetical healthy inmate lacks standing to assert that prison authorities violated his constitutional right to medical care, because otherwise the distinction between the judicial and executive branches of government would disappear and it would "become the function of the courts to assure adequate medical care in prisons." Id. Similarly, an inmate who has not actually been hindered in his pursuit of a nonfrivolous legal claim lacks standing to assert that prison authorities failed to provide him with the legal resources needed to litigate his claim. Id. at 350–53, 116 S. Ct. at 2179–81. This actual injury requirement ensures that judicial

4

intervention in the political branches' management of prisons is limited to situations where inmates "have suffered, or will imminently suffer, actual harm." Id. at 349, 116 S. Ct. at 2179.

However, the separation of powers concerns that motivated Casey are not implicated in this case. Unlike the plaintiffs in Casey and Barbour, Smith is not bringing a freestanding access-to-the-court claim in the hopes of obtaining judicial review of actions undertaken by the political branches of government. Here, it was the district court that closed the courthouse doors by sua sponte ordering the clerk's office not to accept motions from Smith. We do not believe that Casey and Barbour require the imposition of an actual injury requirement in this particular situation.

We are guided instead by Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (en banc), a case in which the Eleventh Circuit considered a similar prospective injunction entered by a district court to restrict future filings from an overly litigious inmate. Sitting en banc, this Court held that the inmate had standing to seek review of the injunction because he was "clearly affected" by the injunction and "might possibly be reached by contempt if he sought to file pleadings in violation thereof." Id. at 1070 n.1. Smith is similarly affected by the district court's order in this case and may be subject to contempt if he files any

5

motions in violation of the order. In light of Procup, Smith has standing to challenge the injunction.

Neither do we agree with the government's contention that this appeal should be dismissed due to Smith's delay in filing his motion for reconsideration. Although Smith did not specifically identify the legal basis for his motion, he alleged that he was given no warning before the district court entered its injunction. Numerous persuasive authorities support the idea that due process requires notice and a hearing before a court sua sponte enjoins a party from filing further papers in support of a frivolous claim. See MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999) ("Even when such a sua sponte injunction is proper, however, and even when the district court's action is understandable in light of the vexatiousness of the litigation, such an injunction may not issue without notice to the party enjoined and an opportunity for that party to be heard."); Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) ("If the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue. This ensures that the litigant is provided with the opportunity to oppose the court's order before it is instituted." (citations omitted)); De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (finding due process violation where plaintiff "was not provided with an

opportunity to oppose the order before it was entered"); In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988) ("If a *pro se* litigant is to be deprived of such a vital constitutional right as access to the courts, he should, at least, be provided with an opportunity to oppose the entry of an order restricting him before it is entered."); see also United States v. Powerstein, 185 F. App'x 811, 813 (11th Cir. 2006) ("[A]ppellant was entitled to notice and an opportunity to be heard before the court imposed the injunctive order complained of.").

Smith's filing can therefore be construed as a motion for relief under Federal Rule of Civil Procedure 60(b)(4). A judgment is void under that rule "'if the court that rendered it . . . acted in a manner inconsistent with due process of law.'" Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1215 n.13 (11th Cir. 2009) (quoting Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001)). We have previously suggested that a Rule 60(b)(4) motion is not constrained by any time limit. See Hertz Corp v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130 (11th Cir. 1994) (noting that the First, Fifth, Seventh, Tenth, and D.C. Circuits have expressly held that a Rule 60(b)(4) motion is not subject to any time restriction, and further noting that this circuit "has indicated acceptance of this position"). Because Smith is arguably seeking relief under Rule 60(b)(4), the fact that he waited seventeen months to challenge the injunction is immaterial for purposes of

this appeal.

Having disposed of the government's two preliminary contentions, we proceed to consider the merits of Smith's arguments.

**III.**

The July 17, 2009, order from which Smith appeals did two things: (1) it denied Smith's motion for reconsideration, and (2) it repeated the district court's earlier instructions to the clerk's office prohibiting the filing of any motions by Smith unless the motion alleged imminent physical harm.

"A district court's denial of relief under Rule 60(b) is reviewable for abuse of discretion." Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir. 2006). Normally, in reviewing an order denying a Rule 60(b) motion or a motion construed as a Rule 60(b) motion, our consideration is limited to determining whether the district court abused its discretion in denying the motion, and we do not consider the validity of the underlying judgment. See Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996); Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993).

In this case, however, we are presented with an unusual situation. The district court first enjoined any future filings from Smith on October 9, 2007, and Smith's motion for reconsideration does not bring up that underlying judgment for

8

review.  See Rice, 88 F.3d at 919.  However, the district court's July 17, 2009, order repeated the injunctive language, and Smith's notice of appeal clearly indicates that he is appealing the instruction directing the clerk's office not to accept Smith's filings.  Under these circumstances, and in light of Smith's *pro se* status, we will review the appropriateness of the district court's injunction.

The propriety of an injunction is reviewed under the abuse of discretion standard.  See Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous."  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001).  Additionally, "an abuse of discretion occurs if the district court imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large."  Klay, 376 F.3d at 1096.

The Supreme Court has recognized "that prisoners have a constitutional right of access to the courts."  Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977).  However, "that right is neither unconditional nor absolute."  Procup, 792 F.2d at 1077–78.  The right of access may be counterbalanced by the

9

traditional right of courts to manage their dockets and limit abusive filings. See In re McDonald, 489 U.S. 180, 184, 109 S. Ct. 993, 996 (1989) (per curiam). Thus, we have upheld an injunction prohibiting a frequent litigant from filing any new actions against his former employer without first obtaining leave of the court, Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 (11th Cir. 2002); an injunction directing the clerk to mark any papers submitted by a frequent litigant as received but not to file the documents unless a judge approved them for filing, Copeland v. Green, 949 F.2d 390, 391 (11th Cir. 1991); and an injunction ordering a frequent litigant to send all pleadings to a judge for prefiling approval, Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 518 (11th Cir. 1991).

We have, however, vacated injunctions that swept too broadly and thus denied litigants their constitutional right to access the courts. For example, in Miller v. Donald, 541 F.3d 1091 (11th Cir. 2008), we found that an injunction was overbroad because it went "beyond what is sufficient to protect the district court's jurisdiction from Miller's repetitive filings related to the conditions of his confinement." Id. at 1098. Our concern was that the injunction encompassed all business that Miller might subsequently have with the court, and was not limited to the areas in which Miller had demonstrated a history of abusive litigation. See id. (discussing United States v. Flint, 178 F. App'x 964, 970 (11th Cir. 2006)); cf.

10

Traylor v. City of Atlanta, 805 F.2d 1420, 1422 (11th Cir. 1986) (upholding injunction where it was clear that the district court intended only to prohibit party from "attempting to relitigate specific claims arising from the same set of factual circumstances that [had] been litigated and adjudicated in the past").

The injunction in this case is similarly overbroad. It bars Smith from filing *any* motion except one alleging imminent physical harm, even if he seeks to raise issues unrelated to his conviction and sentence. Because the injunction reaches "beyond the area in which [Smith] ha[s] demonstrated a history of abusive litigation," it "fails to uphold [his] right of access to the courts." Miller, 541 F.3d at 1098. The district court abused its discretion by imposing an "unnecessarily broad" restriction on Smith's filings. Klay, 376 F.3d at 1096.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions," which means that they have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Procup, 792 F.2d at 1073–74. Although "[c]onsiderable discretion necessarily is reposed in the district court" to design appropriate injunctions, id. at 1074, the mechanism devised by the district court in this case sweeps too broadly. We therefore vacate and remand so that the district

11

court may consider imposing a lesser restriction that will protect against abusive filings without improperly restricting Smith's right of access to the courts. If the district court decides that an injunction is necessary, Smith should be provided with an opportunity to oppose the injunction before it is instituted. See Brow, 994 F.2d at 1038.

We do not reach the other arguments raised in Smith's appellate briefs, regarding the district court's purported failure to address each of the issues raised in Smith's § 2255 motion and his claim that the ending date of the conspiracy was not decided by the jury. Smith's motion for reconsideration, the denial of which prompted this appeal, made no mention of these arguments. The motion for reconsideration focused entirely on whether the district court erred in failing to warn Smith before precluding him from filing further motions. Therefore, the other arguments discussed in Smith's appellate briefs are not properly before us. "It is well established in this circuit that, absent extraordinary circumstances, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal." Bryant v. Jones, 575 F.3d 1281, 1308 (11th Cir. 2009).[1]

_____

[1] A review of the record indicates that Smith did raise these arguments in the motion that he filed on May 21, 2007, as supplemented on June 25, 2007. The district court's denial of the motion was the subject of an earlier appeal by Smith. On that appeal, we determined that Smith's motion was properly characterized as an unauthorized, successive § 2255 motion, and

## IV.

The district court's restriction on Smith's ability to file any further motions absent an allegation of imminent physical injury is overbroad and improperly restricts his access to the courts. We vacate the order entered by the district court on July 17, 2009, and remand with instructions to consider imposing a lesser restriction in a manner consistent with due process of law.

**VACATED AND REMANDED.**

we affirmed the district court's denial of the motion. We decline to revisit that conclusion here.