**Johnny TRAYLOR, Individually and in his capacity as Chairman of the Board of Directors for Brothers and Sisters Combined, Inc., Plaintiff-Appellant,**

v.

**CITY OF ATLANTA, et al., Defendants-Appellees.**

**Nos. 86–8181, 86–8235.**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 19, 1986.

---

Malcolm J. Hall, City Attorney's Office, Albert L. Kemp, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

This Court's order of consolidation merged two appeals from judgments of the United States District Court for the Northern District of Georgia concerning Johnny Traylor's 1981 employment termination from the City of Atlanta. The record in these cases reflects that appellant has filed three federal district court cases based on his employment termination, and he has recently filed two adversarial proceedings in bankruptcy court seeking to relitigate his employment termination and request for reinstatement.

On March 12, 1986, the district court acted in response to a motion of the defendants for injunctive relief urging the district court to prevent Traylor from filing further documents in the district court or bankruptcy court. The motion also requested the district court to prevent the filing of documents with the appellate court without first requesting and receiving leave of the district court to do so. A hearing was held on the defendants' motion. Traylor, although notified of the hearing, did not attend. At the conclusion of the hearing, the district court entered the following order in each of these cases:

(1) Plaintiff, Johnny Traylor, is not enjoined from filing anything;

(2) Plaintiff, however, is not to have the benefit of the service process of the United States Marshal's office;

(3) None of the defendants named in this Order will have to respond to anything plaintiff Johnny Traylor files in this court or any bankruptcy court.

(4) A copy of this Order shall be immediately served on plaintiff Johnny Traylor by the United States Marshal.

Recently this Court dealt with the problems of the district courts throughout the Circuit in attempting to stem the filing and litigating of patently frivolous lawsuits by overly litigious *pro se* litigators. *Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986) (en banc). Although this Court did decline to design an injunction that would be appropriate in an effort to bar the filing of such litigation, we did hold that a district court has considerable discretion in restricting the filings of such a litigator. He may be "severely restricted as to what he may file and how he must behave in his applica-

tions for judicial relief. He just cannot be completely foreclosed from *any* access to the court." 792 F.2d at 1079.

■ If the district court's order as entered in these cases is interpreted as prohibiting appellant Johnny Traylor from having the benefit of the service process of the United States Marshal in any litigation that he may file in the future, and if it is interpreted to mean that none of the defendants named in the order will at any time and in any type of litigation be required to respond to anything that plaintiff Johnny Traylor files in the district court for the Northern District of Georgia, then it is clear that the order is overbroad within the meaning of *Procup*. However, a study of the record in these cases reflects that the district court is not prohibiting Traylor from "filing anything." It is clear from the record that the district court is prohibiting Traylor only from having the benefit of the service process of the United States Marshal and prohibiting Traylor from continuing to harass the defendants that were involved in Traylor's 1981 employment termination from the City of Atlanta. Interpreting the district court's orders in these cases in such a manner, it is clear that the district court has "screened" the complaints and has determined that Traylor is attempting to relitigate specific claims arising from the same set of factual circumstances that have been litigated and adjudicated in the past. As this Court said in *Procup*, "There should be little doubt that the district court has the jurisdiction to protect itself against the abuses that litigants like Procup visit upon it. Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."

In these cases we find from the record that Johnny Traylor has, by filing this repetitive litigation, attempted to abuse the judicial processes. The judgments of the district court are AFFIRMED.