[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14861
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00117-TWT


ANN MARIE DE SOUZA,

Plaintiff-Appellant,

versus

JPMORGAN CHASE HOME LENDING DIVISION,
MCCURDY CANDLER, LLC,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 24, 2015)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ann Marie De Souza, proceeding *pro se*, appeals the district court's dismissal of her complaint against McCurdy & Candler LLC ("McCurdy") and JPMorgan Chase Bank, N.A.[1] ("Chase"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), in connection with the attempted foreclosure of her home. The district court dismissed the complaint based on the doctrine of *res judicata*, denied De Souza leave to amend, and issued an injunction restricting De Souza's ability to bring any further action arising out of attempts to foreclose on her home. De Souza challenges each of these rulings on appeal. After careful review, we affirm the dismissal of the complaint and the denial of leave to amend, but we vacate the injunctive provisions and remand for further proceedings.

## I.

De Souza purchased a home in Lawrenceville, Georgia, in July 2003 and obtained a mortgage from HomeBanc Mortgage Company ("HomeBanc"). The mortgage appears to have been sold in 2007 to EMC Mortgage Corp., which later merged with Chase. As a result of the merger, Chase succeeded to EMC Mortgage's interests.

---

[1] Notwithstanding the caption, there is no dispute that the proper defendant is JPMorgan Chase Bank, N.A.

2

De Souza began receiving debt-collection letters and notices of foreclosure sale in March 2009, and she continued to receive such letters through at least November 2013. McCurdy first sent correspondence to De Souza on behalf of EMC Mortgage and later on behalf of Chase. These letters and notices, along with the representations made therein, have been the subject of De Souza's several lawsuits challenging the attempted foreclosure of her home. Because it is relevant to the issues on appeal, we review the course of De Souza's litigation with regard to the attempted foreclosure of her home.

In March 2010, De Souza filed a *pro se* complaint ("first action") in the United States District Court for the Northern District of Georgia against EMC Corporation in connection with the foreclosure proceedings, alleging violations of the FDCPA and the Fair Credit Billing Act ("FCBA"). This action was dismissed without prejudice for failure to pay the filing fee after De Souza was denied leave to proceed *in forma pauperis*. *De Souza v. EMC Mortg. Corp.*, No. 1:10-cv-00906 (N.D. Ga. 2010).

Then, in April 2010, De Souza filed a second *pro se* complaint ("second action") containing identical allegations, this time in the Northern District of Texas. The action was transferred to the Northern District of Georgia, where a magistrate judge issued a report recommending that De Souza's complaint be dismissed with prejudice. Before the district court took any action on the

3

magistrate judge's report, however, De Souza voluntarily dismissed her complaint without prejudice under Rule 41, Fed. R. Civ. P. *De Souza v. EMC Mortg. Corp.*, No. 11-cv-00082 (N.D. Ga. 2011).

In March 2012, De Souza filed a third *pro se* complaint ("third action"), this time in the Southern District of New York, against Chase, EMC Mortgage, and McCurdy alleging violations of the FDCPA and the TILA, among other claims. De Souza filed an amended complaint before the action was again transferred to the Northern District of Georgia. After transfer, De Souza, with leave of the court, filed a counseled second amended complaint on December 20, 2013. The second amended complaint was based on, among other things, various "Notices of Foreclosure Sale" with demands for immediate payment of the debt sent by McCurdy and Chase from March 2009 through November 2013. The district court dismissed De Souza's second amended complaint with prejudice in April 2014. *De Souza v. JP Morgan & Chase Co.*, No. 1:13-cv-02447 (N.D. Ga. 2014).

Finally, in September 2013, De Souza filed the instant fourth *pro se* complaint ("fourth action"), this time in the Southern District of Ohio, against Chase and McCurdy. The complaint again alleged violations of the FDCPA and the TILA based on allegedly "fraudulent" debt-collection letters and notices of foreclosure sale sent by McCurdy on behalf of Chase from March 2009 through

4

August 2013. De Souza also asserted that, based on the letters, she sent debt validation requests to both Chase and McCurdy, but both entities failed to respond.

Because the third action had been dismissed with prejudice while the fourth action was pending, the magistrate judge directed the parties to address whether the fourth action was barred by the doctrine of *res judicata*. The defendants responded by moving to dismiss the complaint on that basis. De Souza did not respond. The magistrate judge recommended dismissing the instant complaint on the basis of *res judicata*. The magistrate judge also found that granting leave to amend would be futile because any claims based on the same basic facts would also be barred by *res judicata*.

Along with the magistrate judge's report, the court sent notice to all parties stating that any written objections to the report must be filed within fourteen days. The notice also warned that failure to object would limit appellate review of factual findings to plain error only. No objections were submitted.

In September 2014, the district court adopted the magistrate judge's report and dismissed the fourth action with prejudice as barred by *res judicata*. Further, the court ordered De Souza "to pay the full filing fee as to any future lawsuits filed in any federal court arising out of attempts to foreclose upon the property [at issue] and . . . to post a cash bond in the amount of $10,000.00 to satisfy any award of

5

Rule 11 sanctions in any such action filed in or removed to any federal court in the United States." This appeal followed.

## II.

Generally, we review *de novo* the grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009). We likewise review *de novo* the district court's application of *res judicata*.[2] *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). We review a district court's denial of a motion to amend for an abuse of discretion, but we review *de novo* the underlying legal conclusion of whether amendment would have been futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005).

## III.

"The doctrine of *res judicata*, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892

---

[2] Before the implementation of Eleventh Circuit Rule 3–1, which took effect on December 1, 2014, we reviewed *de novo* a magistrate judge's legal conclusions in a report and recommendation even if the party failed to object to them. *See Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Now, however, Rule 3–1 provides that we may review unobjected-to factual findings *and legal conclusions* contained in a magistrate judge's report and recommendation for plain error only. This rule applies "if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3–1. Here, although De Souza failed to object to the magistrate judge's report, she did so before Rule 3–1 took effect and without being informed of the consequences prescribed by Rule 3–1. We, therefore, review *de novo* the legal question of *res judicata*.

6

(11th Cir. 2013). The party invoking *res judicata* must show the following: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999); *see Lobo*, 704 F.3d at 892. Only the fourth element is at issue in this appeal.

De Souza argues that the facts and claims raised in the fourth action were different from those asserted in the third action. Specifically, she asserts, her claims related to the correspondence sent by McCurdy and Chase in August 2013 were not raised in the prior proceeding. *Res judicata* does not bar these claims, she contends, because these claims were not in existence when the third action was filed and were not actually asserted or litigated in that action, and she was under no obligation to assert these claims in a supplemental pleading.

For purposes of *res judicata*, two cases are really the same "claim" or "cause of action" if they are based on the same "nucleus of operative facts" or are "based upon the same factual predicate." *Griswold*, 598 F.3d at 1293 (quotation marks omitted). As a result, "[r]es judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts." *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993)).

7

However, the doctrine of *res judicata* does not require parties to file supplemental pleadings in order to state claims that arise after the original complaint is filed. *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992). For *res judicata* purposes, "claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims *actually* asserted by supplemental pleadings or otherwise in the earlier action." *Id.* (footnote omitted; emphasis in original).

Here, the district court did not err in concluding that De Souza's complaint was barred by *res judicata*. Both the third and fourth actions asserted violations of the FDCPA and the TILA, arising from attempts to collect the mortgage debt and to foreclose on the property. Despite this similarity, De Souza is correct that she did not have to include the allegations concerning the letters and notices she received in August 2013, which were sent after the original complaint in the third action was filed. *See id.* However, our review of her second amended complaint in the third action, which she filed in December 2013, shows that she in fact did so.

De Souza's second amended complaint in the third action alleges the following: "On or about March 7, 2009, and on various dates through and including November 18, 2013, while this litigation has been pending, Chase and its foreclosure counsel, [McCurdy], sent the Plaintiff various "Notices of Foreclosure Sale" . . . . No. 1:13-cv-02447, Pl's Second Am. Compl. ¶ 22. She further alleged

8

that these notices demanded immediate payment of the debt. These allegations would, of course, include notices sent by McCurdy or Chase on August 14 or 15, 2013. Thus, the same factual predicate—the correspondence sent on August 14 or 15, along with the previous correspondence sent in March 2009 and February 2012—was actually asserted in both actions. *See Manning*, 953 F.2d at 1360.

Because the third and fourth actions arose out of the same "nucleus of operative facts," any claims based on those facts—even if the legal theories asserted in the fourth action are different from those asserted in the third action— are barred by *res judicata* because they are considered the same "claim" or "cause of action." *Griswold*, 598 F.3d at 1293; *Ragsdale*, 193 F.3d at 1238. Accordingly, the district court did not err in granting the defendants' motion to dismiss.

De Souza also contends that, even if the district court did not err in applying *res judicata*, she should have been granted leave to amend her complaint before dismissal. Where it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the action with prejudice. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding that this rule does not apply to counseled plaintiffs). However, the district court

need not grant leave to amend "where amendment would be futile." *Corsello*, 428 F.3d at 1014.

Here, the district court did not abuse its discretion by denying leave to amend before dismissing De Souza's complaint with prejudice because amendment would have been futile. *See id.* Any claims based on the same "nucleus of operative facts," however carefully pled, would also be barred by *res judicata*.

## IV.

Finally, De Souza challenges the district court's injunction ordering her to pay the full filing fee and post a $10,000 cash bond if she files any future federal action relating to the attempted foreclosure of her home.

We have recognized that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (*en banc*). District courts also have power under 28 U.S.C. § 1651(a) "to enjoin litigants who are abusing the court system by harassing their opponents." *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980).[3] However, while severe restrictions may be imposed, litigants "cannot be completely foreclosed from *any* access to the court." *Procup*, 792 F.2d at 1074; *see Miller v. Donald*, 541 F.3d 1091, 1096-97 (11th Cir. 2008) (noting that

---

[3] We are bound by all Fifth Circuit decisions issued before October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

financial restrictions on filing may be inappropriate where they would completely bar an indigent litigant's access to the courts).

Here, the district court's order is in the nature of an injunction issued to protect itself and others against abusive litigation, not a sanction under Rule 11, Fed. R. Civ. P., as De Souza suggests. *See Procup*, 792 F.2d at 1073-74; *Harrelson*, 613 F.2d at 116. We review the injunctive provisions for an abuse of discretion. *Miller*, 541 F.3d at 1096. A district court abuses its discretion if it "imposes some harm, disadvantage, or restriction upon someone that is unnecessarily broad or does not result in any offsetting gain to anyone else or society at large." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004). We will also find an abuse of discretion if "neither the district court's decision nor the record provide sufficient explanation to enable meaningful appellate review." *See Cox Enters., Inc. v. News-Journal Corp.*, 510 F.3d 1350, 1360 (11th Cir. 2007) (concerning the refusal to award prejudgment interest).

We do not doubt that it was within the district court's discretion to impose some form of injunction against De Souza given the course of litigation, now spanning five years and four states, surrounding the foreclosure of De Souza's home. However, under the circumstances, we conclude that the district court abused its discretion in imposing the filing injunctions it did in this case.

First, the scope of the injunction sweeps more broadly than the facts or circumstances "already raised and litigated" in these cases. *Miller*, 541 F.3d at 1098; *cf. Traylor v. City of Atlanta*, 805 F.2d 1420, 1422 (11th Cir. 1986) (upholding injunction where it was clear that the district court intended only to prohibit party from "attempting to relitigate specific claims arising from the same set of factual circumstances that [had] been litigated and adjudicated in the past"). Rather, the court's order applies to "any future lawsuits . . . arising out of attempts to foreclose upon the property." Thus, the injunction could apply to facts or claims occurring after the district court's decision, which may not be barred by *res judicata*.

Second, the court offered no justification for its imposition of the specific injunctive provisions. In particular, the court did not explain its reasoning for, or make any factual findings in support of, the $10,000 cash-bond requirement or how that requirement was tailored to De Souza and the specific facts of her history as a litigant in these cases.[4] Of course, the magistrate judge's report contains a thorough description of the four actions De Souza filed relating to the foreclosure of her home, and we view the district court's *sua sponte* injunctive order against

---

[4] We note that this Court has not addressed the propriety of imposing a similar cash-bond requirement in order to cover prospective sanctions in a future, as yet unfiled, lawsuit. *Cf. Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002) (concerning appellate cost bonds under Rule 7, Fed. R. App. P.). Although district courts may respond to abusive litigants "with imaginative new techniques designed to protect the court access of all litigants," *Procup*, 792 F.2d at 1073, we cannot meaningfully evaluate the court's injunction in this case without additional reasoning and findings.

that background.  *See Cox Enters., Inc.*, 510 F.3d at 1360.  It is also clear that the purpose of the bond requirement is to deter De Souza from filing another complaint related to the foreclosure.  However, the record in this case alone is insufficient to allow this Court to meaningfully review the imposition of the cash-bond requirement or the specific amount set by the district court.  *See id.*

Third, the court provided no notice of its intent to issue an injunction, nor was the issue discussed in the magistrate judge's report and recommendation.  *See, e.g.*, *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (providing that notice should be given to the litigant to show cause why injunctive relief should not issue); *cf.* Fed. R. Civ. P. 11(c)(1) (requiring notice and a reasonable opportunity to respond before sanctions may be imposed).

For these reasons, we vacate the injunctive provisions and remand this matter to the district court for further proceedings regarding whether and what form of injunctive relief should issue against De Souza.

## V.

In sum, the district court properly dismissed De Souza's complaint as barred by the doctrine of *res judicata* and did not abuse its discretion in denying leave to amend based on futility.  Therefore, we affirm the district court on these issues.  However, we vacate the imposition of the injunctive provisions and remand for further proceedings consistent with this opinion.

**AFFIRMED in part; VACATED AND REMANDED in part.**