[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11154
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03001-TWT

ALEX HIGDON,

Plaintiff-Appellant,

versus

FULTON COUNTY, GEORGIA, USA,
JUDGE CYNTHIA WRIGHT,
JUDGE GAIL S. TUSAN,
JOHN H. EAVES,
County Commissioner,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 14, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Alex Higdon has appealed from the district court's dismissal of his pro se

lawsuit, alleging judicial misconduct and related claims against various defendants

involved in his Fulton County, Georgia ("Fulton County") divorce, child custody, and child support proceedings.  In the instant case, all of Higdon's causes of action were brought under § 1983 and Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  We previously vacated and remanded the district court's order granting the defendants' Fed. R. Civ. P. 12(b)(6) motions in the case, because they contained an insufficient explanation of the district court's rulings.  The district court has now entered a new order holding that all the claims against judges are barred by judicial immunity, and that all of Higdon's claims for declaratory relief are barred by the Rooker-Feldman doctrine.[1]  As for County Commissioner John Eaves, the district court said that all the claims against him were official-capacity claims outside the ambit of § 1983.  And as for Higdon's claims against Fulton County, the district court concluded that Higdon had only alleged violations of state law, which were not cognizable under § 1983.  In the instant appeal, Higdon challenges the district court's dismissal of the complaint, its entry of a pre-filing injunction, its denial of his motions for a temporary restraining order ("TRO") and a preliminary injunction, and its failure to allow Higdon an opportunity to amend the complaint. After careful review, we conclude that the district court sufficiently complied with our previous opinion on remand, and we affirm its dismissal.

---

[1]    The Rooker–Feldman doctrine derives from Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

2

We review motions to dismiss for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). In addition, we review questions of law de novo, including issues of res judicata. Smith v. Owens, 848 F.3d 975, 978 (11th Cir. 2017); United States v. Ala. Dep't of Mental Health & Mental Retardation, 673 F.3d 1320, 1324 (11th Cir. 2012); Maldonado v. U.S. Att'y Gen., 664 F.3d 1369, 1375 (11th Cir. 2011); Doe v. Fla. Bar, 630 F.3d 1336, 1340 (11th Cir.2011); Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 920 (11th Cir. 2003); Smith v. Shook, 237 F.3d 1322, 1325 (11th Cir. 2001). We review the district court's decision to grant an injunction for abuse of discretion. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1096 (11th Cir. 2004). Similarly, we review for abuse of discretion a district court's denial of a motion for leave to amend. Bowers v. United States Parole Comm'n, Warden, 760 F.3d 1177, 1183 (11th Cir. 2014). We may affirm on any ground supported by the record. Trotter v. Sec'y, Dep't of Corrs., 535 F.3d 1286, 1291 (11th Cir. 2008).

First, Higdon argues that the district court's February 2017 order after remand suffers from basically the same defects as its initial order -- that the order lacks factual substantiation, includes false statements of fact, and offers very few sentences addressing the merits of his claims. We disagree. As we see it, the

3

district court's order after remand contains a sufficient explanation of the court's rulings to allow for meaningful appellate review. See Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir. 2007) (instructing district courts to provide sufficient explanations of their rulings so we have an opportunity to engage in meaningful appellate review). As the record reveals, the order contains a more detailed recitation of the facts than the previous order, and provides additional explanations for its legal rulings. As for Higdon's claim that the district court made false statements of facts, he does not appear to have identified any false statements. We recognize that the district court did not address individually each count of Higdon's complaint, and instead held that Higdon's claims were all barred by broad legal concepts, like judicial immunity and the Rooker-Feldman doctrine. Nevertheless, as shown below, we are able to engage in meaningful appellate review of those conclusions. See id. at 1091.

As for the merits of the case, Judge Cynthia Wright, Judge Tusan, Commissioner Eaves, and Fulton County argue on appeal that the district court's order easily can be affirmed on grounds different from those the court relied upon. Specifically, they say that: (1) the claims, all of which were brought under Monell, should be dismissed as redundant; and (2) all claims in the complaint are barred by res judicata. We agree.

Under <u>Monell</u>, municipalities and other local government entities are "persons" within the scope of § 1983. 436 U.S. at 690. Because local government units can be sued directly -- and suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent -- there is no need to bring official capacity actions against local government officials. <u>Busby v. City of Orlando</u>, 931 F.2d 764, 776 (11th Cir. 1991). Thus, official-capacity claims against municipal officers should be dismissed, as keeping the claims against both the municipality and the officers would be redundant. <u>See</u> <u>id</u>.

Res judicata bars the filing of claims which were raised, or could have been raised, in an earlier proceeding. <u>Ragsdale v. Rubbermaid, Inc.</u>, 193 F.3d 1235, 1238 (11th Cir. 1999). A claim will be barred by prior litigation if: (1) there is a final judgment on the merits; (2) the prior decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; <u>and</u> (4) the same cause of action is involved in both cases. <u>Id</u>. If a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, then the two cases are really the same "claim" or "cause of action" for purposes of res judicata. <u>Id</u>. at 1239. A dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a judgment on the merits. <u>Nat'l Ass'n for the Advancement of Colored People v. Hunt</u>, 891 F.2d 1555, 1560 (11th

Cir. 1990). A federal district court's final judgment in a lawsuit is a final judgment for the purposes of res judicata, even if that judgment is appealed. See Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892-93 (11th Cir. 2013).

Because Judge Tusan, Judge Wright, and Commissioner Eaves are named only in their official capacities in the complaint, any suit against them is essentially a suit against Fulton County. As a result, leaving those three people as named defendants is redundant and unnecessary, and we affirm the dismissal of the three of them. See Busby, 931 F.2d at 776; Trotter, 535 F.3d at 1291. Additionally, Counts 1 and 4, 2 and 5, and 3 and 6 were largely identical except for the named defendants in each count. Counts 1, 2, and 3 named Fulton County and Judges Wright and Tusan as defendants, and Counts 4, 5, and 6 named Fulton County and Eaves as defendants. Eliminating those three named defendants from these counts renders Counts 4, 5, and 6 redundant, and we affirm the dismissal of those counts on that ground. See Trotter, 535 F.3d at 1291.

As for the remaining counts (Counts 1-3 and 7), we affirm their dismissal on res judicata grounds. Counts 2 and 3 were copied almost verbatim from the amended complaint he filed in another case, district court case no. 1:15-cv-287. The same parties and the same district court were involved in both cases. See Ragsdale, 193 F.3d at 1238-39. Because those causes of action were actually raised, and dismissed on the merits, in his previous lawsuit, we affirm the district

6

court's dismissal of those counts on res judicata.  See Hunt, 891 F.2d at 1560; Lobo, 704 F.3d at 892-93; Trotter, 535 F.3d at 1291.  Count 1 likewise contained similar claims to those brought in case no. 1:15-cv-287, and, as for any part of his claim that he did not bring in the prior lawsuit, res judicata still bars the claim because it involves the same nucleus of operative facts and is based upon the same factual predicate as the former action.  See Ragsdale, 193 F.3d at 1239.  Finally, Count 7, which asks for declaratory relief in response to the violations alleged in the other counts, is barred because the underlying claims are barred. Consequently, we affirm the district court's dismissal of the complaint in case no. 1:15-cv-3001.

Next, we reject Higdon's claim that the district court abused its discretion by entering a pre-filing injunction, requiring Higdon to seek leave of court before filing pleadings in any new suit against "Fulton County and any Fulton County Superior Court judge involved in his divorce case."  Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct that impairs their ability to carry out Article III functions.  Procup v. Strickland, 792 F.2d 1069, 1070, 1073 (11th Cir. 1986) (en banc).  The only restriction we've placed on injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be completely foreclosed from access to the court.  Martin Trigona v. Shaw, 986 F.2d 1384, 1385-87 (11th Cir. 1993).  So,

for example, we've upheld injunctions barring litigants from future filings unless and until the filings were approved by a judge.  See Copeland v. Green, 949 F.2d 390, 391 (11th Cir. 1991) (involving a litigant, attempting to proceed in forma pauperis, who "deluge[d]" the district court with complaints and other filings); Traylor v. City of Atlanta, 805 F.2d 1420, 1422 (11th Cir. 1986) (upholding an injunction preventing the plaintiff from filing additional complaints against certain defendants based upon a set of factual circumstances that had been litigated and adjudicated in the past).  A claim is frivolous if it is without arguable merit either in law or fact.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

Here, the district court did not abuse its discretion by entering the injunction. We've expressly approved injunctions like this before, where the district court has determined that the litigant is attempting to relitigate specific claims against specific defendants arising from the same set of factual circumstances that have been litigated and adjudicated in the past.  See Copeland, 949 F.2d at 391; see also Traylor, 805 F.2d at 1422.  As the record shows, Higdon has filed five lawsuits stemming from the events of his divorce, all of which concern the same set of facts, three of which contain identical claims, and four of which were brought against overlapping defendants.  Further, Higdon received notice of the motion for the injunction, and an opportunity to respond, which he took advantage of.  We therefore affirm the pre-filing injunction the district court entered in this case.

8

We also find no merit to Higdon's appeal of the denial of his motions in this case for a TRO preventing the state court from holding a September 22, 2015 hearing and incarcerating Higdon as a result of that hearing.  An issue is moot when it no longer presents a live controversy about which the court can give meaningful relief.  Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011).  In Younger v. Harris, 401 U.S. 37, 55 (1971), the Supreme Court held that a federal court should not act to restrain an ongoing state court criminal prosecution.  The Supreme Court has expanded the Younger abstention doctrine to apply to pending civil proceedings that implicate the state courts' important interests in administering certain aspects of their judicial systems.  See Green v. Jefferson Cty. Comm'n, 563 F.3d 1243, 1250-51 (11th Cir. 2009).

To the extent Higdon sought a TRO to prevent the state court from holding a September 2015 hearing or incarcerating him, the issue is moot since the date of the hearing has passed.  See Christian Coal., 662 F.3d at 1189.  To the extent Higdon sought to bar the state court from entering additional orders in his divorce and custody case, his claim again fails.  If the divorce and custody proceedings are over, the issue is moot.  See id.  And if the proceedings are ongoing, district courts are barred from restraining ongoing state civil proceedings.  See Green, 563 F.3d at 1250-51.  Either way, his motions had no merit and the district court acted within its discretion to deny them.

9

Finally, we conclude that the district court did not abuse its discretion by dismissing all the claims in this case without allowing Higdon an opportunity to amend the complaint.  The Federal Rules of Civil Procedure require pleadings to contain a short and plain statement of the claim showing that the pleader is entitled to relief, with each allegation framed in simple, concise, and direct terms.  Fed. R. Civ. P. 8(a)(2), (d)(1).  To withstand dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  When it appears that a pro se plaintiff's complaint might state a claim if more carefully drafted, the district court should give him an opportunity to amend his complaint instead of dismissing it.  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (overruling the rule announced in Bank as to counseled litigants who never requested leave to amend).

A district court's discretion to dismiss a complaint without leave to amend is "severely restricted" by Fed. R. Civ. P. 15(a), which directs that leave to amend shall be freely given when justice so requires.  Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988).  Unless there is a substantial reason to deny leave to

amend, the discretion of the district court is not broad enough to permit denial. Id. The same standard applies when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e). Id. However, the district court need not grant leave to amend where amendment would be futile. Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).

Because, as we've already held, the complaint in this case fails as a matter of law, and because we can see no way that new factual allegations would change the outcome, we conclude that amending this complaint would have been futile. The district court did not abuse its discretion in dismissing this complaint in its entirety.

**AFFIRMED.**