[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-12394

Non-Argument Calendar

————————————————

BRIAN D. SWANSON,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:23-cv-00193-JRH-BKE

————————————————

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Brian Swanson appeals *pro se* a filing injunction. The district court enjoined Swanson from filing a suit for a tax refund that would repeat his frivolous arguments that he is not required to report his wages as income and that the federal income tax is unconstitutional. We affirm.

We review a filing injunction for abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). District courts may enter filing injunctions "to protect against abusive and vexatious litigation." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). We have held that a litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief" so long as he is not "completely foreclosed from *any* access to the court." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (emphasis in original).

The district court did not abuse its discretion. Swanson has repeatedly engaged in abusive litigation. He has filed multiple lawsuits in the district court and tax court. Courts have rejected his suits as frivolous and imposed sanctions when he argued either that his wages were not income or presented challenges under the Uniformity Clause. U.S. CONST. art. I § 8, cl. 1. The district court warned Swanson that his ability to seek redress would be limited if he continued to file frivolous suits.

24-12394                Opinion of the Court                3

The injunction does not deny Swanson access to the courts. *See Procup*, 792 F.2d at 1074. He can still file suit for a tax refund so long as he does not repeat arguments previously determined to be frivolous and provides a copy of his tax return claiming wages as income, a copy of the injunction, and a list of each lawsuit and appeal. The injunction was tailored to enjoin only his abusive litigation. *See Miller*, 541 F.3d at 1098 (holding that an injunction was overbroad because it was not limited to the areas in which the plaintiff had a history of abusive litigation); *Traylor v. City of Atlanta*, 805 F.2d 1420, 1422 (11th Cir. 1986) (upholding an injunction preventing the plaintiff from filing complaints against certain defendants based on a set of factual circumstances already litigated and adjudicated).

We **AFFIRM** the filing injunction against Swanson.