David Walter COPELAND,
Plaintiff–Appellant,

v.

Tom GREEN and Kelly L. York,
Defendants–Appellees.

No. 90–7506
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 27, 1991.

---

**40.** *See* R2–58–35.

Before HATCHETT, Circuit Judge, JOHNSON* and CLARK*, Senior Circuit Judges.

PER CURIAM:

David Walter Copeland is a repeat litigant. In March 1990, he filed eight complaints with the district court, and he sought to proceed *in forma pauperis* in each of these lawsuits. On March 27, 1990, the district court dismissed the eight lawsuits as frivolous and ordered that any future complaints submitted by Copeland not be filed unless approved by a judge of the court. This order was the subject of a previous appeal to this court, which was dismissed for want of prosecution.

Following the March 27, 1990, order, Copeland continued to deluge the district court with complaints and other papers. The district court entered an order requiring Copeland to appear and show cause why he should not be sanctioned for this abuse of his access to the court. Following a hearing at which Copeland appeared on his own behalf, the district court entered an order that (1) enjoined Copeland from entering the Hugo L. Black Courthouse in Birmingham, Alabama, until further order of the court; (2) directed Copeland to deliver any paper that he wished to file with the clerk of the district court through the United States Mail, rather than in person to the courthouse; and (3) directed that any paper thus received from Copeland be marked by the clerk, "Received," and not marked "Filed," unless and until the paper was first submitted by the clerk to a judge of the court and approved by the judge for actual filing. It is this order that is the subject of this appeal.

There is no doubt that the district court had the power to devise an injunction to protect itself against Copeland's abuses.[1] We hold, however, that the provisions barring Copeland from entering the federal courthouse in Birmingham and from delivering documents to the Clerk of Court are impermissibly restrictive of his right to access to that court. In all other respects, the district court's order complies with constitutional mandates.

Accordingly, the district court's order is AFFIRMED in part and REVERSED in part, and the case is REMANDED with instructions that the district court enter an order consistent with this opinion. Copeland's motions, filed with this court, for the FBI to provide a copy of his complete file, for the U.S. Marshal Service to provide a copy of his complete file, and to require Tom Green to vacate the office of the U.S. Marshal are DENIED.

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals of the Eleventh Circuit.

1. *See Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986).