[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 22, 2005
THOMAS K. KAHN
CLERK

No. 05-11632
Non-Argument Calendar
_____

D. C. Docket No. 05-80116-CV-WPD

GEORGE MAY,

Plaintiff-Appellant,

versus

ELIZABETH MAASS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 22, 2005)

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

George May, proceeding pro se, appeals the district court's dismissal of his

civil rights action against a Florida state court judge brought pursuant to 42 U.S.C. § 1983.  The district court dismissed May's suit because May failed to comply with earlier court orders that required him to seek leave of court and post a contempt bond before filing additional suits.  The district court did not abuse its discretion in dismissing May's suit.  Accordingly, we affirm.

## I.  Facts

George May is no stranger to the federal and state courts in south Florida.  Numerous times May has commenced suits pro se, and on almost as many occasions, the judge has dismissed the case after determining it lacked merit.  From 1991 to 2000, May filed at least forty suits in the United States District Court for the Southern District of Florida alone.  May v. Shell Oil Comp., No. 00-2266-CIV-JORDAN, 2000 WL 127694, at *1 (S.D. Fla. Aug. 31, 2000).  To combat May's propensity for filing unmeritorious suits, several judges have entered orders pursuant to Florida's vexatious litigation statute requiring May to follow certain procedures before filing additional suits.[1]  For example, Judge Jordan of the

---

[1]  Under Fla. Stat. Ann. § 68.093, a vexatious litigant is one who "in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state, . . . which actions have been finally and adversely determined against such person or entity; or [a]ny person or entity previously found to be a vexatious litigant pursuant to this section."  The statute further provides that a vexatious litigant may be required to post a security bond to cover the defendant's costs of litigation, and the court may dismiss the action for the failure to comply.  Additionally, the statute permits a court to "on its own motion or on the motion of any party, enter a prefiling order prohibiting a vexatious litigant from commencing, pro se, any new action in the courts of that circuit without first obtaining leave of

Southern District entered an order in August 2000 enjoining May from filing any additional suits in that court without first posting a $1500 contempt bond and filing a copy of the order with each complaint he files in any federal district court. May v. Shell Oil Comp., 2000 WL 127694, at *4. Judge K. Michael Moore of the same court, after noting that May had already violated Judge Jordan's order three times, also entered an order that enjoined May from filing additional lawsuits without leave of court and instructed the clerk of court not to accept any new filings from May unless May proved that he had received leave of court. May v. Hatter, No. 00-4115-CIV-MOORE, 2001 WL 579782, at *5-*6 (S.D. Fla. May 15, 2001).

Undaunted by the orders, May continued to file suits in the Southern District without complying with Judge Jordan's or Judge Moore's orders. The judges presiding over the more recent suits have issued increasingly stringent orders in response to May's repeated intransigence. Yet, May continued to file suits without complying with any order. May also filed numerous suits in state courts in south Florida, and the state court judges often authorized removal to the federal district court where the judge would promptly dismiss the case because of May's failure to comply with any order.

The present case began with May's filing suit in early 2004 in the Fifteenth

the administrative judge of that circuit. Disobedience of such an order may be punished as contempt of court by the administrative judge of that circuit." Fla. Stat. Ann. § 68.093 (2005).

Judicial Circuit in Palm Beach County, Florida. The state court dismissed May's suit for failure to comply with the earlier orders from the Southern District, and the state court entered another order against May pursuant to Florida's vexatious litigant statute. The order prohibited May "from commencing pro se any new action in the courts of the Fifteenth Judicial Circuit . . . without first obtaining leave of the administrative judge of the circuit." The order stated that it was enforceable by contempt of court.

Despite the state court's order, May filed suit pro se in September 2004 in the Fifteenth Judicial Circuit without complying with that court's order. The court ordered May to show cause why the court should not find him in an indirect criminal contempt for failure to comply with the earlier order. Appellee Judge Elizabeth T. Maass presided over the show cause hearing, which May failed to attend, found May guilty of indirect criminal contempt, and sentenced him to six months in the county jail.

As May has often done following an adverse ruling, he brought suit against the judge who issued the adverse ruling. In January 2005, May commenced a § 1983 action against Judge Maass in the United States District Court for the Middle District of Florida alleging that Judge Maass' ruling violated his constitutional rights under Articles I and VI and the First and Fourteenth Amendments of the

United States Constitution. May sought twelve billion dollars in compensatory damages and a declaratory judgment that Florida's vexatious litigation statute was unconstitutional. Judge Maass moved to dismiss the complaint and requested a change of venue to the Southern District of Florida.

The judge in the Middle District transferred the case to the Southern District. The Southern District ordered May to show cause why the court should not dismiss his case for failing to follow any of the previous orders issued by the various judges in the Southern District. May responded that he had earlier posted a $1500 contempt bond, but he never alleged that he filed a contempt bond in the present case or that he had complied with any other requirements of the previous orders from the Southern District. Accordingly, the district court judge ruled that May failed to show cause why the court should not dismiss his complaint against Judge Maass for failing to comply with the previous orders, and therefore dismissed May's suit against Judge Maass with prejudice. May now appeals.

## II.  Standard of Review

A district court's dismissal under Federal Rule of Civil Procedure ("Rule") 41 for failing to comply with the court's orders is reviewed for an abuse of discretion. In re Southeast Banking Corp., 204 F.3d 1322, 1331 (11th Cir. 2000).

## III.  Discussion

This court has ruled on several occasions that a district court's dismissal is proper "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999); World Thrust Films, Inc. v. Int'l Family Entm't, 41 F.3d 1454, 1456 (11th Cir. 1995).

Here, the district court's findings of a clear record of willful contempt and that lesser sanctions would not suffice were not an abuse of discretion. Over the past five years, several federal and state courts in Florida have ruled that May is a vexatious litigant and have entered orders setting forth requirements that May must meet before filing additional suits. Furthermore, when Judge Jordan issued the August 2000 order against May, he admonished May that further abuse of judicial process would lead to increasing sanctions. After May filed a suit in the Southern District of Florida without complying with the earlier orders, Judge Ryskamp dismissed the suit and cautioned May that the court would not tolerate more frivolous pleadings. These two instances are merely a small sampling of the rebukes May has received each time a court dismisses one of his frivolous suits.

The record shows that May knew about the restrictions on his filing of additional suits but continually filed suits in the Southern District of Florida and state courts in Florida without complying with any orders that the courts issued

pursuant to Florida's vexatious litigation statute. May's deliberate disobedience of the restrictions he knew existed demonstrates a clear record of willful contempt for the district court's orders.

Furthermore, even though the district court did not explicitly state that a lesser sanction would have been insufficient, the district court implicitly made that finding. The district court delineated that May filed scores of frivolous lawsuits and never complied with the court's orders issued pursuant to Florida's vexatious litigation statute. May's total disregard for the court's authority left the district court with only one effective option in dealing with May – dismissal of May's suit against Judge Maass.

This court repeatedly has held that federal courts have the power to manage their dockets and curb vexatious litigation. Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993); Copeland v. Green, 949 F.2d 390 (11th Cir. 1991). The district court's exercise of that power through dismissal under Rule 41 was not an abuse of discretion.

For the foregoing reasons, we AFFIRM.