[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12830

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

BRIAN OWENS,
RICK JACOBS,
ROBERT TOOLE,
MR. DELOACH,
FNU,
BETTY BAILEY-DEAN,

Defendants-Appellees.

2                    Opinion of the Court                    22-12830

———————————————

Appeals from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:14-cv-00047-RSB-BWC

———————————————

———————————————

No. 22-13438

Non-Argument Calendar

———————————————

WASEEM DAKER,

                                        Plaintiff-Appellant,

*versus*

PATRICK HEAD, et al.,

                                        Defendants,

BRIAN OWENS,
RICK JACOBS,
ROBERT TOOLE,
MR. DELOACH,
FNU,

BETTY BAILEY-DEAN,

                                                Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 6:14-cv-00047-RSB-BWC

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals multiple orders. In the first order, the district court imposed a filing injunction that prohibits Daker from filing in the underlying case five types of pleadings without prior authorization from the district court. The second order imposes monetary sanctions against Daker in the form of the defendants' costs and expenses related to Daker's deposition based on his refusal to answer questions. The third order dismisses Daker's case with prejudice for failing to pay the defendants the monetary sanctions by a certain date. Daker argues that the district court erred in imposing the filing injunction without first providing him notice and an opportunity to be heard. Next, he argues that the district court erred as a matter of law and abused its discretion in imposing monetary sanctions. Finally, he argues that the district

court abused its discretion in dismissing his case with prejudice.[1] After careful review, we affirm for the reasons set forth in this opinion.

## I.    Background

Daker is no stranger to this Court.  Rather, as we stated in a previous appeal, "Daker is a Georgia prisoner serving a life sentence for murder and a serial litigant who has clogged the federal courts with frivolous litigation by submit[ting] over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts." *Daker v. Jackson*, 942 F.3d 1252, 1255 (11th Cir. 2019).  In the present action, Daker filed a civil complaint in 2014 against numerous individuals about the conditions of his confinement and other alleged wrongs that purportedly occurred at Georgia Diagnostic and Classification Prison ("GDCP") and Georgia State Prison ("GSP") following his 2012 murder conviction.  Initially, the case was dismissed on the ground that Daker could not proceed *in forma pauperis* ("IFP") because he had three strikes under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).  Daker appealed, and we held that the district court erred in dismissing the case under the three-

---

[1] Daker also argues that the district court erred in granting the defendants' motion to dismiss in part and dismissing several of his claims for failure to exhaust administrative remedies.  We, however, need not address this issue because, even if the specified claims were not subject to dismissal because of Daker's failure to exhaust, we conclude that the district court properly dismissed the entire case with prejudice as a sanction for failure to comply with the court's orders.

22-12830                Opinion of the Court                5

strikes provision because some of the filings the district court relied upon did not count as strikes for purposes of § 1915(g).  *Daker v. Head*, 730 F. App'x 765, 767 (11th Cir. 2018).  Accordingly, Daker's case was reinstated in 2018.[2]

### A.  Facts related to pre-filing injunction

Between the reinstatement of the case in 2018 and May 2022, Daker filed several requests to amend the complaint and over 100 motions for injunctions, restraining orders, motions to strike the defendants' filings, and other miscellaneous motions.  Many of these motions sought relief that the district court had already considered and denied or raised matters that were tangential or otherwise unrelated to the matter pending in the district court.  In addressing some of these motions, the district court cautioned Daker that if he "continue[d] to clog the Court's docket with such repetitive filings, the Court [would] be left with no choice but to impose sanctions on [him]."

As a result of Daker's abusive serial litigation, the district court twice entered protective orders that relieved the defendants from their obligation to respond to Daker's filings.  With each protective order, the district court noted that

> [t]he Court is not limiting Plaintiff's right of access but, rather, is relieving Defendants from the burden

---

[2] Initially, Daker's IFP status was also reinstated, but later, upon motion of the defendants, the district court reevaluated his ability to pay the filing fee, determined that he could pay, and revoked his IFP status.  Daker thereafter paid the filing fee.

6                    Opinion of the Court                22-12830

of responding to an overly litigious Plaintiff.  This is a narrow and circumscribed limitation that preserves Plaintiff's ability to access the courts while managing the Court's docket and the impacts created by Plaintiff's deluge of filings.

However, on May 27, 2022, the district court *sua sponte* issued a case management order concerning Daker's "abusive and vexatious litigation practices."  The court noted that since March 1, 2021, Daker had filed "nearly 60 motions or objections, often exceeding the [c]ourt's 26-page limit."  These filings were "often boilerplate, duplicative, and tangential to the merits of his claims."  Noting its inherent power to manage its own docket and, "in an effort to balance [Daker's] right to access the courts with th[e] [c]ourt's need to manage the docket," the district court imposed the following filing "limitations" on Daker's ability to file documents in the case:

1.  Plaintiff is **PROHIBITED** from filing any motion challenging the [c]ourt's prior rulings in this case (including motions for reconsideration or motions to vacate or set aside but excluding objections to Magistrate Judge Orders and reports and recommendations).

2.  Plaintiff is **PROHIBITED** from filing any discovery-related motion (including motions for contempt, for sanctions, to compel, for access to legal materials or other authorities, and for access to the law library).

22-12830                Opinion of the Court                7

3. Plaintiff is **PROHIBITED** from filing any partial or supplemental objections to the Magistrate Judge's orders or reports and recommendations.  Objections must be timely filed and be complete at the time of filing.

4. Plaintiff is **PROHIBITED** from filing any motions to amend or supplement his complaint.

5. Plaintiff is **PROHIBITED** from filing motions for preliminary injunctive relief.

(footnotes omitted).  The district court explained that Daker was allowed to ask permission to file one of the prohibited pleadings by describing the proposed filing and his need for relief, but the request could be "no more than five pages in length." (emphasis omitted).  The filing injunction is one of the orders that is the subject of this appeal.

### B.  Facts related to sanctions order

Prior to issuing the filing injunction, the district court issued a scheduling order related to discovery and granted the defendants' request to take Daker's deposition.  The scheduling order contained "instructions to plaintiff" which stated that Daker had a "duty to cooperate in any discovery initiated by a Defendant" and instructed that he "must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action."

The defendants attempted to take Daker's deposition remotely on February 14, 2022, but Daker refused to answer questions so the defendants terminated the deposition.[3] That same

---

[3] During the deposition, which lasted approximately 34 minutes, Daker raised a standing objection to the proceedings occurring remotely—which the defendants maintained was necessary due to the COVID-19 pandemic—but Daker agreed to continue with the deposition notwithstanding his objection. He then refused to answer certain biographical and background questions on the ground that they were not relevant. Daker also noted that the defendants had objected to many of his interrogatories on relevance grounds and implied that he was entitled to do the same with regard to deposition questions. The defendants' counsel attempted to contact the district court judge, but the judge was unavailable. Defendants' counsel then explained to Daker that under the Federal Rules of Civil Procedure, he could object to the questions, that the objection would be noted for the record, but he still had to answer the questions. Daker stated that:

> [w]hen you ask questions relevant to this case, then I will be happy to answer. But if you're going to ask questions on a fishing expedition that have nothing to do with the case, those are questions that I'm going to object to and not answer.
>
> I don't know what the rule says, that you have just quoted, because I don't have it in front of me. But I also understand that you're not my counsel. Now, if we can get the judge on the line and he tells me something differently, I will fully comply with anything the judge directs me to do. But you're not the judge. You're not my attorney.

The defendants then asked some additional background questions—where Daker grew up; if he graduated high school; his highest level of education; and whether he received any specialized job training—all of which Daker refused to answer. At that point, the defendants terminated the deposition and told Daker they would be seeking sanctions "for [his] frivolous conduct."

22-12830                Opinion of the Court                    9

day,[4] Daker filed a "motion for protective order and to terminate or limit deposition" followed by a second motion addressing the same matter. In the motions, Daker took issue with the fact that the defendants attempted to take his deposition remotely, stating that he never agreed to such means and the court never authorized a remote deposition. He then stated that he appeared for the deposition and was sworn in, but that the defendants were asking him questions that were not relevant to the instant litigation, including questions about his personal history, and Daker objected to these questions as not relevant and refused to answer. He stated that the defendants told him that he could object, but he still had to "answer any and all questions." He maintained that the defendants were wrong because the district court's scheduling order stated that he had to answer "any question which seek information *relevant* to the subject matter of the pending action." (emphasis added). He explained that he told the defendants that he would answer any question "relevant to the subject matter of the action," and the defendants then elected to terminate the deposition. He asserted that he had complied with the court's directives, and he requested that the court order the defendants not

---

[4] The referenced date of filings listed throughout this opinion for Daker's filings is based on the date under the prison mailbox rule and not the date the court received the filing. *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) ("We apply the prison mailbox rule, under which a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. We assume, absent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." (alteration adopted) (quotations and internal citation omitted)).

to ask any questions not relevant to the subject matter or any questions related to matters to which the defendants had objected when Daker made his own discovery requests.

The defendants in turn filed a motion for sanctions—requesting dismissal of the case outright or costs and fees related to the deposition—based on Daker's refusal to participate in the deposition. Alternatively, they requested an order compelling Daker to attend and answer questions and an extension of the discovery period for the limited purpose of taking his deposition.

In response, Daker maintained that he was not subject to sanctions because (1) the defendants lacked authorization to conduct the deposition remotely; (2) he complied with the court's scheduling order and with the relevant rules of civil procedure; and (3) even assuming he was not in compliance, his non-compliance was excused because he had been denied access to the law library leading up to the deposition.

The magistrate judge agreed with Daker that the defendants improperly sought to conduct a remote deposition without leave of the court or Daker's consent, but he nevertheless concluded that Daker was not justified in refusing to answer questions because relevance is not one of the justifications for not answering deposition questions specified in Federal Rule of Civil Procedure 30(c)(2). The magistrate judge explained that Daker misinterpreted the scheduling order which did not modify his obligation to answer all questions regardless of whether he deemed the question relevant or not. Turning to the question of sanctions, the

magistrate judge concluded that dismissal of the case was not warranted because

> [d]efendants do not point to an order which [Daker] violated regarding his deposition. There had not previously been any issues related to Plaintiff's deposition before the [c]ourt. To the extent Defendants point to Plaintiff's general disregard for the instructions in the [c]ourt's Scheduling Order, this is likely not enough. That Order merely provided a general admonishment to cooperate with discovery. Importantly, [Daker] stated during his deposition he would answer relevant questions and he would answer any question he was directed to answer by the Court. Although Plaintiff's tactics were improper under the Rules, it is not clear Plaintiff violated a [c]ourt Order.

(emphasis omitted). The magistrate judge noted further that even assuming Daker violated a court order, dismissal was not appropriate because nothing indicated that he was deliberately defying the court or being "recalcitran[t]." Nevertheless, the magistrate judge determined that monetary sanctions were appropriate under Federal Rule of Civil Procedure 37 in the form of the defendants' expenses related to the failed deposition because Daker plainly violated the rules of civil procedure, and he ordered the defendants to submit documentation of their expenses. The magistrate judge also ordered Daker to sit for a second deposition. The district court adopted the magistrate judge's order and report and recommendation over Daker's objections.

The defendants submitted an accounting of their expenses, requesting a total of $4,875.15 in costs and fees. The district court directed Daker to file a response if he opposed the requested amount of costs and fees. In his response, Daker merely continued to quarrel with the magistrate judge's order that the defendants were entitled to monetary sanctions. He generally asserted that he was not financially able to pay the requested amount because he had total assets of only $1,412.19.

The district court overruled Daker's objections and found that the noticed amount was reasonable. It noted that Daker, who did not have IFP status, had failed to point to any authority requiring the court to consider his ability to pay when imposing monetary sanctions. Further, it found Daker's asserted inability to pay "woefully inadequate," noting that he offered no documentation to support his alleged total assets and that he had recently paid a $505 filing fee to appeal another matter in this case. Accordingly, it issued an order on August 16, 2022, ordering Daker to pay the defendants $4,875.15 no later than September 7, 2022.[5] Daker now appeals the sanctions order.

---

[5] On August 31, 2022, Daker filed a motion "for access to photocopying to submit evidence of inability to pay defendants' costs and fees," in which he stated he needed "access to photocopies to copy 50-100 pages of financial documents so he can show that [he could not] afford to pay Defendants $4,875.15 in costs and fees." This filing however was rejected as being in violation of the filing injunction.

### C.  *Facts related to final order of dismissal*

On September 20, 2022, the defendants filed a notice with the court that Daker had not paid them the ordered costs. Thereafter, on September 30, 2022, the district court dismissed Daker's complaint with prejudice under Federal Rule of Civil Procedure 41 for failure to comply with the sanctions order.  The court found that Daker's refusal to pay the sanctions was the "latest transgression in a pattern of willful misconduct, delay, and abusive litigation tactics in this case," and that "[Daker's] behavior demonstrate[d] willful defiance of the [c]ourt."  The court explained that, in addition to failing to comply with the sanctions order, Daker had also willfully disregarded the court's filing injunction and continued to file prohibited documents without authorization.  It further noted that Daker had a "exhibited a pattern of willful misconduct in many other actions."  Therefore, the district court found that "given [Daker's] pattern of disregard for th[e] [c]ourt's Orders and those of other courts and his failure to pay the previously imposed sections, a sanction less than dismissal would be ineffective and inadequate."  Thus, the district court dismissed Daker's complaint with prejudice for failure to comply with the sanctions order.  In so holding, the district court rejected Daker's assertions regarding his inability to pay, noting that (1) his IFP status in the case was revoked because the court "determined that [his] claims about his debts and expenses were highly suspect," (2) he offered no documentation to support his alleged assets, and (3) he had "paid an extraordinary amount of filing fees in this and many other cases, likely far exceeding the

amount of the sanctions imposed."[6]   Finally, the district court noted that even if Daker could show that he could not pay the sanctions ordered, "the [c]ourt would consider [his] inability to pay and still dismiss his claims, given the ineffectiveness of other available sanctions."  Daker now appeals the dismissal order.

## II.    Discussion

### A. Filing Injunction Order

Daker argues that the district court erred in *sua sponte* issuing the pre-filing injunction without first providing him notice and an opportunity to be heard.  The defendants argue that the appeal of the filing injunction is now moot because the injunction applied in this case only and the district court has since dismissed the case with prejudice.  With regard to the merits, the defendants argue that the district court did not abuse its discretion in entering the filing injunction.  Daker in turn maintains that, notwithstanding the underlying dismissal, the appeal is not moot for a number of reasons.

Article III of the Constitution limits federal courts to deciding "[c]ases" and "[c]ontroversies."  U.S. Const. art. III § 2.  The mootness doctrine derives from this limitation because "we cannot entertain [an] appeal unless an actual dispute continues to exist between the parties." *Bourgeois v. Peters*, 387 F.3d 1303, 1307–

---

[6] For instance, the court referenced cases in which Daker had paid a combined total of over $4,000 in filing fees in the last year.  The court further noted that Daker "ha[d] a long history of making untrue claims about his financial assets."

08 (11th Cir. 2004). Thus, "mootness is a jurisdictional issue that must be resolved at the threshold." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000). "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotations omitted). An appeal can be rendered moot—in whole or in part—by intervening events. *Vital Pharm., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022).

Daker argues that the appeal is not moot because the injunction prohibits him from filing post-judgment motions in the case without leave of the court, including a motion for reconsideration under Federal Rules of Civil Procedure 59 and 60. He is correct. Although the express terms of the filing injunction indicated that Daker was prohibited only from filing motions for reconsideration "challenging the [c]ourt's *prior rulings in this case*,"—*i.e.*, it applied only to motions for reconsideration challenging orders issued before the filing injunction took effect— the district court rejected his post-judgment Rule 59 motion for reconsideration as a prohibited filing. Thus, because the injunction continues to apply to any post-judgment motions that Daker seeks to file, there is still a live controversy with regard to the filing injunction, and the appeal is not moot. We now turn to the merits.

District courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct

which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (*en banc*). "Frivolous and vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). Thus, a litigant's constitutional right of access to the courts may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings. *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517–18 (11th Cir. 1991); *see also Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1317 (11th Cir. 2021) ("[F]ederal courts can protect their dockets from abuse by frequent filers so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed."). "Prefiling orders are a common way" to restrict the filings of serial litigants that abuse the judicial process "while still allowing them access to the courts." *Johnson*, 9 F.4th at 1317. We review for abuse of discretion the imposition of a filing injunction. *Miller*, 541 F.3d at 1096.

Daker argues that the district court abused its discretion in imposing the filing injunction without first giving him notice and an opportunity to be heard. We disagree. "Due process in this context requires only that [Daker] have fair notice of the possible imposition of sanctions and an opportunity to respond orally or in writing." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 n.14 (11th Cir. 2002); *see also Johnson*, 9 F.4th at 1311 ("Due process requires that the [party] be given fair notice that his conduct may warrant sanctions and the reasons why."). "The adequacy of notice and hearing depends, to some extent, on the knowledge the party

has of the consequences of his own conduct." *Riccard*, 307 F.3d at 1294 n.14. Here, prior to imposing the filing injunction, the record reflects that the district court cautioned Daker on more than one occasion that if he "continue[d] to clog the Court's docket with such repetitive filings, the Court [would] be left with no choice but to impose sanctions on [him]." And Daker is very familiar that said sanctions may include a filing injunction. As we noted previously, he is "a serial litigant who has clogged the federal courts with frivolous litigation by submitting over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts." *Daker*, 942 F.3d at 1255. And, as a result, he has been the subject of similar injunctions before in both federal and state court. *See, e.g.*, *Daker v. Ward*, No. 6:22-cv-36-JRH-BKE, 2023 WL 418695 (S.D. Ga. Jan. 26, 2023) (imposing a filing injunction in the Southern District of Georgia); *Daker v. Ward*, No. 5:22-cv-340, 2023 WL 2759037 (M.D. Ga. April 3, 2023) (imposing a prefiling injunction in the Middle District of Georgia); *Daker v. Governor of Ga.*, No. 20-13602, 2022 WL 1102015 (11th Cir. April 13, 2022) (unpublished) (upholding a filing injunction against Daker in the Northern District of Georgia); *Allen v. Daker*, 858 S.E.2d 731, 747 (Ga. 2021) (noting that the Supreme Court of Georgia previously put a prefiling injunction in place against Daker that required him "to request leave to file any document . . . and to state that the document and arguments therein were prepared in good faith and not for vexatious purposes"); *see also Daker v. Toole*, 138 S. Ct. 234 (Oct. 2, 2017) (finding that Daker "has repeatedly abused this Court's process" and directing the clerk "not to accept any further

petitions in noncriminal matters from [Daker] unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1"). Accordingly, Daker had sufficient notice and opportunity to be heard, and the district court did not abuse its considerable discretion in issuing the filing injunction given Daker's repeated pattern of abusive litigation.[7]

### B. Sanctions order

Daker argues that the district court erred as a matter of law in determining that he violated Federal Rule of Civil Procedure 30 and abused its discretion in imposing sanctions.

Federal Rule of Civil Procedure 30 governs depositions. As relevant here, it provides that

> [a]n objection at the time of the examination— whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition— must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a

---

[7] To the extent that Daker argues that the provisions of the injunction improperly limit his constitutional right to access to courts, his argument is without merit. We have previously approved similar restrictions and concluded that they do not deprive the litigant of access to the courts and are consistent with the mandates of the Constitution. *See, e.g.*, *Cofield*, 936 F.2d at 518 (affirming prefiling screening restrictions); *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991) (upholding filing injunction requiring the clerk to mark a serial litigant's pleadings "received" instead of "filed" until screened by a judge and approved for filing).

> nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2). The rule also authorizes depositions to be taken by "remote means" upon stipulation of the parties or by order of the court. *Id.* R. 30(b)(4). And finally, it expressly provides that "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 30(d)(2). Relatedly, Rule 37 allows the court to impose sanctions for certain discovery abuses. *See generally* Rule 37. Sanctions, however, are not appropriate if, among other reasons, "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

We review a decision of the district court to grant or deny sanctions for an abuse of discretion. *Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996). "When reviewing discovery motions, wide discretion is proper because [a] judge's decision as to whether a party['s] . . . actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and

observation." *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023) (quotations omitted). A district court abuses its discretion when it "applies an incorrect legal standard, fails to follow the appropriate procedures when making the relevant determination, or makes findings that are clearly erroneous." *Id.*; *see also Betty K Agencies, Ltd., v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) ("Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." (quotations omitted)). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Brown*, 69 F.4th at 1329.

Daker maintains that the district court erred as a matter of law in finding that he violated Rule 30 during his deposition by objecting to, and refusing to answer, five irrelevant questions, where the defendants also violated Rule 30 by conducting a remote deposition without permission from either Daker or the court.[8]

---

[8] The defendants argue that Daker waived any challenge to the initial monetary sanctions order because he did not timely object to the order below. *See* 11th Cir. R. 3-1 (providing that when a party is informed of the time period for objecting to a magistrate judge's findings and the consequences for failing to object and subsequently fails to timely object, he waives the right to challenge on appeal a district court order based on those unobjected-to factual and legal conclusions). However, under the prison mailbox rule and Federal Rule of Civil Procedure 6(d), Daker's objections were timely. Specifically, the magistrate judge issued his order on May 26, 2022, and informed Daker that he had 14 days in which to object. Where, as here, the plaintiff is a *pro se*

Although Daker is correct that the magistrate judge agreed with him that the defendants improperly sought to conduct a remote deposition without the necessary permission under Rule 30(b)(4), that finding does not mean that the district court could not impose sanctions on Daker for his own conduct if it determined that he too violated Rule 30. Daker argues that because the defendants did not have permission to conduct the deposition remotely, he had no legal obligation to participate and therefore his actions were justified, but that argument is completely undermined by the district court's "instructions to plaintiff" in the prior scheduling order. That order put Daker on notice that the court granted the defendants permission to take his deposition, and that he had a "duty to cooperate in any discovery initiated by a Defendant." The scheduling order also informed Daker that he "must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action." In other words, the fact that the defendants did not have permission to conduct the deposition remotely did not otherwise relieve Daker of his underlying obligation to participate in the

---

prisoner and service of the R&R is made by mail, Federal Rule of Civil Procedure 6(d) adds three days to account for service by mail. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made [by mail], 3 days are added after the period would otherwise expire under [the Rules]."). Thus, Daker's objections were due by June 13, 2022, which is the date they were signed. Accordingly, his objections were timely under the prison mailbox rule, and there is no waiver issue. *Daniels*, 809 F.3d at 589.

deposition. Indeed, Daker appeared to understand this obligation because, although he objected on the record to the deposition being taken remotely, he agreed to continue. We therefore conclude that it was within the district court's broad discretion to determine that, notwithstanding the defendants' improper attempt to take the deposition remotely, Daker's conduct in refusing to answer any question he deemed not relevant clearly violated Rule 30(c)(2), was not justified, and warranted sanctions.[9] *See Brown*, 69 F.4th at 1329 ("[a] judge's decision as to whether a party['s] . . . actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation" (quotations omitted)); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (explaining that Rule 37 identifies multiple parties, including clients and their attorneys, "as possible subjects of sanctions . . . and vests the trial court with broad discretion to apportion fault between them"). And Daker has cited

---

[9] Daker has filed a motion in this Court requesting an order for transcription of two case status conferences from August 31, 2021, and February 22, 2022, at the government's expense. He maintains that these status conferences will support his contention that the district court's scheduling order related to the deposition was misleading and that his conduct in refusing to answer questions that he thought were not relevant was justified, which would render sanctions inappropriate. We **DENY** this motion. Daker is not entitled to transcripts at the government's expense because he does not have IFP status. *See* 28 U.S.C. § 753(f). Daker contends that we have the discretion to order transcripts at the government's expense notwithstanding the fact that he does not have IFP status. Although he cites no authority for this proposition, even assuming he is correct, we decline to do so because those transcripts are not necessary to resolve this case.

no authority indicating otherwise. Accordingly, we conclude that the district court did not abuse its discretion in imposing sanctions.

### C. Dismissal order

Daker argues that the district court abused its discretion in dismissing the case with prejudice for failure to comply with the court's monetary sanctions order. Relatedly, he argues that the district court abused its discretion in failing to consider his allegations that he could not pay the noticed sum prior to dismissing the case.

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[A] dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1337–38 (emphasis omitted) (quotations omitted); *see also Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995) ("The severe sanction of dismissal with prejudice . . . can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff."). Notably, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

As an initial matter, we need not consider Daker's allegations that the district court erred in failing to consider his financial allegations of inability to pay before dismissing the case. The district court concluded that, even if Daker had shown an inability to pay, it still would have found dismissal appropriate. Thus, we accept that conclusion and review that determination for an abuse of discretion.

We conclude that the district court did not abuse its discretion in dismissing the case with prejudice. The district court found that Daker's failure to comply with the sanctions order was the "latest transgression in a pattern of willful misconduct, delay, and abusive litigation tactics in this case," and that "[Daker's] behavior demonstrate[d] willful defiance of the [c]ourt." The district court also found that lesser sanctions were inappropriate given Daker's repeated failure to comply with prior orders. There is no indication based on the record before us that the district court's factual findings were clearly erroneous. Although dismissal with prejudice is a severe sanction, the district court's findings, the history of this litigation, and the repeated warnings to Daker support the conclusion that the district court did not abuse its discretion in dismissing this case with prejudice. *See Betty K Agencies*, 432 F.3d at 1337 (explaining that "[d]iscretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law").

### III.    Conclusion

For the reasons set forth in this opinion, we affirm.

**AFFIRMED.**