**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11579

Non-Argument Calendar

_____

JOHN T. WILLIAMS,

*Plaintiff-Appellant,*

*versus*

UNKNOWN FEDERAL AGENTS OF THE
UNITED STATES MARSHALS SERVICE,
   in their individual capacities,
UNKNOWN FEDERAL AGENTS OF THE
FEDERAL BUREAU OF INVESTIGATION,
   in their individual capacities,
UNKNOWN OFFICIALS OF THE U.S.
DEPARTMENT OF JUSTICE,
   in their individual capacities,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-01256-MHC

_____

Before NEWSOM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

John Williams appeals the district court's dismissal of his complaint as frivolous and the extension of an injunction barring him (absent leave of court) from filing lawsuits challenging the forfeiture of his properties stemming from his criminal conviction in New York. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2016, Williams was convicted in New York for conspiring to commit wire fraud. Following his conviction, the New York court ordered Williams to pay $3,995,443.53 in restitution to the victims of his wire fraud scheme and ordered that his right, title, and interest in two Georgia properties be forfeited to the United States and applied towards satisfaction of the judgment against him.

About a decade later, Williams filed this lawsuit in Georgia under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that unnamed agents of the United States Marshals Service, the Federal Bureau of Investigation, and the Department of Justice "unlawfully foreclosed on and sold [his] properties without a valid forfeiture order, violating his

constitutional rights." According to Williams, the federal agents violated the Fourth Amendment prohibition on unlawful seizures, the Fifth Amendment Due Process and Takings Clauses, and the Eighth Amendment Excessive Fines Clause. Williams sought damages, a declaration that the defendants violated his constitutional rights, a declaration that the forfeiture was unlawful, and an order to return both properties.

By the time Williams filed this most recent lawsuit, he was already subject to an injunction in Georgia barring him from "filing new [in forma pauperis] actions that relate to his 2016 conviction, without first seeking leave of Court" because of his history of duplicative and frivolous lawsuits stemming from his New York conviction. Despite the injunction, Williams filed this Georgia lawsuit, along with two other nearly identical cases, alleging that government agents wrongfully seized and foreclosed on his Georgia properties in an unauthorized forfeiture flowing from his New York conviction.

This lawsuit, and the two others, were referred to the magistrate judge. After reviewing the complaints, the magistrate judge recommended dismissing the three cases as frivolous under 28 U.S.C. section 1915(e)(2)(B) because Williams could only challenge the forfeiture through a direct appeal or habeas petition in New York. The magistrate judge also recommended that the filing injunction be expanded to include challenges to the forfeiture of Williams's Georgia properties stemming from the New York conviction.

The magistrate judge also instructed Williams that he had fourteen days to object to the recommendation, and that if no objections were filed, the "[r]ecommendation may be adopted as the opinion and order of the [d]istrict [c]ourt[.]"  If Williams did not object, the magistrate judge explained, his non-objection would be treated as a waiver of any challenge to the factual findings and legal conclusions.

Williams did not object.  So the district court adopted the magistrate judge's recommendations and enjoined Williams from filing "new in forma pauperis actions based on the foreclosure proceedings related to his criminal conviction without first seeking leave of court."

Williams appeals the dismissal of his lawsuit and the expanded injunction.

## STANDARDS OF REVIEW

We review the dismissal of a lawsuit as frivolous under section 1915(e)(2)(B)(i) for an abuse of discretion.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  And we review the imposition of a filing injunction for an abuse of discretion.  *Id.* at 1095–96.

## DISCUSSION

For two reasons, we conclude the district court did not abuse its discretion in dismissing Williams's lawsuit and expanding the filing injunction.  First, Williams waived his right to appeal because he did not object to the magistrate judge's recommendation. *See* 11th Cir. R. 3-1 ("A party failing to object to a magistrate judge's

findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. [section] 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object."); *see also Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017) ("[W]e will generally not review a magistrate judge's findings or recommendations if a party failed to object to those recommendations below."), *abrogated on other grounds by Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020).

Second, even if we reviewed the dismissal and filing injunction, Williams has not shown "plain error." 11th Cir. R. 3-1. He contends that the district court erred in dismissing his Takings-Clause claim because "[t]his constitutional claim is independent of the criminal process and should have been adjudicated on its merits." As a remedy, Williams demands that the district court "[d]eclare the foreclosure unlawful and order the return of both properties."

But Williams cannot undo his criminal forfeiture through a *Bivens* action. *Bivens* creates a money damages remedy in limited circumstances where federal officers violate the Constitution, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001), but it does not authorize litigants to challenge the validity of a criminal forfeiture, which is part of the defendant's sentence, *United States v. Gilbert*, 244 F.3d 888, 924 (11th Cir. 2001) ("It is beyond doubt that criminal forfeiture is part of a defendant's sentence."), *superseded by rule on other*

*grounds as recognized in United States v. Marion*, 562 F.3d 1330 (11th Cir. 2009); *see also Libretti v. United States*, 516 U.S. 29, 38–39 (1995) ("Forfeiture is an element of the sentence imposed following conviction or . . . a plea of guilty . . . .").

The crux of Williams's argument is that the New York court never entered a "final forfeiture order," which, to him, means "the seizure [was] unconstitutional, making this claim cognizable under the Fifth Amendment" Takings Clause. But the New York order authorizing the forfeiture clearly provided that "upon entry of this [forfeiture order], this [forfeiture order] is final . . . and shall be deemed part of the sentence of the [d]efendant, and shall be included in the judgment of conviction therewith." The forfeiture order specified that upon entry, "the United States Marshals Service [was] authorized to seize [Williams's properties] . . . ." Because there was a "final forfeiture order" authorizing the seizure of the Georgia properties, the seizure did not violate the Takings Clause as the government "already lawfully acquired" the properties "under the exercise of governmental authority other than the power of eminent domain." *Bennis v. Michigan*, 516 U.S. 442, 452 (1996) (citations omitted).

As to the filing injunction, Williams argues that it violates his First Amendment right of access to the courts and his Fifth Amendment "right to seek redress for unconstitutional conduct." But we have long held that district courts have the discretion to issue filing injunctions to protect their jurisdiction from frivolous repeat filers, *see, e.g.*, *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th

Cir. 1986) (en banc), because "the sheer volume of frivolous [in forma pauperis] suits threatens to undermine the availability of the federal courts to the public," *Miller*, 541 F.3d at 1096.

District courts have a "responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. "To counter such threat and to protect its jurisdiction, the district courts are authorized by the All Writs Act, 28 U.S.C. [section] 1651(a), to restrict access to vexatious and abusive litigants." *Miller*, 541 F.3d at 1096; *see also Procup*, 792 F.2d at 1074 ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). That's why we've repeatedly upheld prefiling restrictions that require abusive litigants to seek leave of court before filing new cases as valid exercises of district courts' authority to protect their jurisdiction. *See, e.g.*, *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1317–18 (11th Cir. 2021); *Copeland v. Green*, 949 F.2d 390 (11th Cir. 1991); *Cofield v. Ala. Public Serv. Comm'n*, 936 F.2d 512, 517–18 (11th Cir. 1991); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387–88 (11th Cir. 1993) (collecting cases where we have upheld prefiling restrictions); *Procup*, 792 F.2d at 1072 n.5 (collecting cases where courts have required abusive litigants to seek leave of court before filing pleadings in any new or pending lawsuit).

Like the plaintiffs in those cases, Williams has been filing duplicative and frivolous lawsuits in the district court since at least 2016. Based on our review of the district court's docket, Williams

has filed at least twenty lawsuits challenging the investigative and judicial processes leading to his criminal conviction, his forfeiture, and other related matters. The district court warned Williams at least twice that filing additional duplicative or frivolous lawsuits could cause him to be barred from filing new in forma pauperis actions related to his criminal conviction—including forfeiture proceedings and the foreclosure of the properties—without leave of court. Although the initial filing injunction (which Williams never challenged) arguably already covered this most recent lawsuit, Williams pressed on, filing three nearly identical lawsuits related to the forfeiture of the Georgia properties.

Considering this pattern of abusive litigation, the district court was well within its discretion to extend the filing injunction. The extended injunction clarifies that the initial filing injunction also bars Williams from filing new in forma pauperis lawsuits based on the foreclosure proceedings related to his criminal conviction without first seeking leave of court. This still allows Williams to file if he has paid the filing fee, or with leave of court if he does not. Either way, the injunction does not "completely foreclose[ ]" Williams "from *any* access to the court." *Procup*, 792 F.2d at 1074. We therefore find no error in the district court's decision to clarify that the initial filing injunction extended to Williams's challenges to the New York forfeiture order.

**AFFIRMED.**